658

SCHAVRDA et al. v. GULF, C. & S. F.
RY. CO.

No. 1674.

District Court, S. D. Texas,
Houston Division.

April 25, 1945.

George S. King and Maurice M. Davis,
both of Houston, Tex., for plaintiffs.

E. A. Kelly, of Houston, Tex., and Ter-
ry, Cavin & Mills and J. G. Howard, all of
Galveston, Tex., for defendant.

KENNERLY, District Judge.

This is a suit under the Employers' Lia-
bility Act, 45 U.S.C.A. §§ 51 to 60, and a
hearing on defendant's motion to dismiss,
because, as defendant says, the suit should
have been brought in the Galveston Divi-
sion instead of this, the Houston Division
of this court.

Plaintiffs, residents of Austin County, in
the Galveston Division of this court, are
alleged to be the legal representatives of
Albert E. Schavrda, deceased, and defend-
ant is alleged to be a railway corporation,
engaged in Interstate Commerce. It is al-
leged that deceased met his death while
working as a brakeman on defendant's
train as a result of the derailment and
overturning of one of defendant's locomo-
tives and some of its cars in Wharton
County, in the Galveston Division of this
court. The plaintiffs charge defendant
with negligence, etc., and sue for damages.

Standing upon Section 114, 28 U.S.C.A.[1]
the defendant has moved to dismiss upon
the ground that defendant resides in the
Galveston Division of this court, and
that the suit should have been brought
there, instead of in the Houston Division.

■ 1. When such Liability Act was
first passed 35 Stat. pg. 65, it contained
no provision regulating the district in
which suits were required to be filed, and
the general venue statute (now Section 112,
Title 28, of the Code[2]) was controlling.

---

[1] The applicable portion of Section 114,
28 U.S.C.A., is as follows: "Sec. 114.
(Judicial Code, section 53.) Districts con-
taining more than one division; transfer
of criminal cases. When a district con-
tains more than one division, every suit
not of a local nature against a single de-
fendant must be brought in the division
where he resides; but if there are two
or more defendants residing in different di-
visions of the district it may be brought
in either division. All mesne and final
process subject to the provisions of this
section may be served and executed in
any or all of the divisions of the district,
or if the State contains more than one
district, then in any of such districts, as
provided in section 113 of this title."

[2] The applicable portion of Section 112,
28 U.S.C.A., is as follows: "Sec. 112.
(a) Except as provided in sections 113 to
117 of this title, no person shall be ar-
rested in one district for trial in another
in any civil action before a district court;
and, except as provided in sections 113 to
118 of this title, no civil suit shall be
brought in any district court against any
person by any original process or pro-
ceeding in any other district than that
whereof he is an inhabitant; but where
the jurisdiction is founded only on the fact
that the action is between citizens of dif-
ferent States, suit shall be brought only in
the district of the residence of either the
plaintiff or the defendant."

Baltimore & Ohio R. Co. v. Kepner, 314 U.S. 44, 62 S.Ct. 6, 86 L.Ed. 28, 136 A.L.R. 1222. On April 5, 1910, Congress passed an act, 36 Stat. pg. 291, 45 U.S.C.A. § 56, requiring that such suits under such Liability Act be brought either in the district of the residence of the defendant or the district in which the cause of action arose, or the district in which defendant "shall be doing business at the time of commencing such action."[3]

There was, however, no provision either in the original Liability Act or the 1910 amendment with respect to the division in which such a suit was required to be brought, and so far as I have been able to find, there was no general provision until the Judicial Code of 1911, 36 Stat. p. 1087, et seq., 28 U.S.C.A. § 1 et seq. There is to be found there Section 53, a part of which is now Section 114, 28 U.S.C.A. It seems clear, therefore, that Section 114 is controlling as to the division in which a suit must be brought under such Liability Act, and that this suit should have been brought in the Galveston Division.

In Baltimore & Ohio R. Co. v. Kepner, supra, on which plaintiffs stand, a very liberal construction is given the Liability Act and the 1910 amendment with respect to the district in which such a suit may be brought, but the question of the division in which it must be brought is neither presented nor decided. In Southern Pacific Co. v. Klinge, 10 Cir., 65 F.2d 85, also upon which plaintiffs stand, the question of the division in which the suit must be brought is presented, but not the identical question we have here. There, the question was whether the suit should have been brought in the Northern Division or the Central Division of the District of Utah, and it is held that the suit could have properly been brought in either division, since the railroad was doing business in both divisions. But it is pointed out that Section 114 of 28 U.S.C.A., is neither applicable nor controlling there, because the defendant did not "reside" either in the Northern or the Central Division. Here, under its charter, defendant resides in the Galveston Division. Galveston, H. & S. A. R. Co. v. Gonzales, 151 U.S. 496, 498, 14 S.Ct. 401, 38 L.Ed. 248. Seaboard Rice Milling Co. v. Chicago R. Co., 270 U.S. 363, 365, 46 S.Ct. 247, 70 L.Ed. 633.

■ 2. In defendant's motion to dismiss, it says: "In the event this defendant is not entitled to a dismissal of the action, then in the alternative it moves the Court to transfer the cause to the Galveston Division, which is the Division of defendant's residence and also the residence of plaintiffs."

Unquestionably, it would be reasonable, in order to save time, energy and expense, to transfer the case to the Galveston Division, but defendant points to no statute so authorizing. The parties may by May 1, 1945, file a stipulation that the case be transferred to the Galveston Division; otherwise an order will enter, dismissing it.

---

[3] The applicable portion is now Section 56, 45 U.S.C.A., as follows:

"Sec. 56. Actions; limitation; concurrent jurisdiction of courts; removal of case in State court.

"No action shall be maintained under this chapter unless commenced within three years from the day the cause of action accrued.

"Under this chapter an action may be brought in a district court of the United States, in the district of the residence of the defendant, or in which the cause of action arose, or in which the defendant shall be doing business at the time of commencing such action. The jurisdiction of the courts of the United States under this chapter shall be concurrent with that of the courts of the several States, and no case arising under this chapter and brought in any State court of competent jurisdiction shall be removed to any court of the United States."