## HILLS v. F. S. HARMON & CO.
### No. 876.

District Court, W. D. Washington, N. D.
Nov. 17, 1931.

The plaintiff, as trustee, sues the defendant, a corporation, whose principal place of business is in the Southern Division, in the Northern Division of this district, alleging it transacts business in and the cause arose in this division; that it maintains a large furniture store in the city of Seattle, Northern Division; that in the store is a large sign bearing the name of the defendant, giving its address as Tacoma, Seattle, Spokane, and Portland; that the convenience of witnesses will be subserved by trial at Seattle, Northern Division. The suit is to set aside transfers within four months preceding adjudication, of certain furniture on conditional sales contracts to the defendant.

The defendant appears specially and moves the court to transfer this cause to the Southern Division, stating "that the City of Tacoma is and at all times has been the principal place of business and headquarters," so designated in the articles of incorporation, all of its officers live in Tacoma, all of its records are kept in said city, including all accounts receivable and contracts, including those involving sales made through any of its branch stores, and all of the records, files, contracts, and data concerning the matters in controversy; and that all the business with the bankrupt was conducted through its main office at Tacoma; and that the suit is not of a local nature.

The court on the 9th inst., without appreciating the status and situs of the property in issue, denied the motion. Motion for rehearing is presented.

Leopold M. Stern, of Seattle, Wash., for plaintiff.

Burkey & Burkey, of Tacoma, Wash., and McClure & McClure, of Seattle, Wash., for defendant.

NETERER, District Judge (after stating the facts as above).

"Every suit not of a local nature against a single defendant must be brought in the division where he resides." Judicial Code § 53, 28 USCA, § 114. This district is divided into divisions by the Congress. Judicial Code § 112, 28 USCA § 193. Hence, the same strictness applies as to trials in districts. Judicial Code § 52, 28 USCA § 113.

■ "Local" may be said to be a fixed place or determinate zone limited or identified with a given region. In issue, it means within the Northern Division. No property in this division is sought to be recovered. The contracts sought to be set aside and the money on payments, account of which is prayed, are in the Southern Division. The contracts have the status of furniture sold; if furniture, instead of contracts, had been assigned and removed to Southern Division, the place of trial obviously would be the Southern Division. The convenience of witnesses is of no consideration, in view of the statute (Judicial Code § 53, 28 USCA § 114, supra).

The cause must be and is transferred, and the clerk is directed to certify the record to the Southern Division.