**WILLIAMSON v. E. R. SQUIBB & SONS.**

District Court, E. D. South Carolina.
Oct. 21, 1939.

Willcox, Hardee & Wallace and McEachin & Townsend, all of Florence, S. C., for plaintiff.

Osborne, Butler & Moore, of Spartanburg, S. C., for defendant.

LUMPKIN, District Judge.

This action was commenced in the Court of Common Pleas for Florence County, South Carolina, by the service of summons and complaint at Columbia, S. C., on July 5, 1939, upon one J. P. Roche, a travelling representative of the defendant, who resides at the Jefferson Hotel in the City of Columbia, and whose duties include the solicitation of orders for the defendant company throughout certain counties in the eastern section of the State of South Carolina, including Florence County.

The plaintiff is a citizen and resident of the County of Florence, within the Florence Division of the District Court of the United States for the Eastern District of South Carolina. The defendant is a corporation duly organized and existing under and by virtue of the laws of the State of New York, and as such a citizen and resident of said State. It is now, and has been for several years past, duly domesticated under the laws of the State of South Carolina, and is engaged in carrying on the business of selling its merchandise and products in this State.

The complaint seeks to recover damages in the amount of $50,000. It is alleged that the plaintiff suffers from diabetes; that on or about December 22, 1938, he purchased from Riley's Drug Store in Florence, S. C., a quantity of insulin manufactured and sold by the defendant; that the said insulin was largely inert; that the plaintiff used the same and by reason of its being inert he was for about two weeks without the benefit of the chemical substance which should have been therein contained, and upon which his life depended;

that the condition of the insulin, causing same not to have its proper effect, rendered plaintiff almost incapable of thought and memory, and brought him to the verge of a collapse and diabetic coma. It is further alleged that the insulin was sold without proper directions and warnings in regard to its use.

The defendant, on July 22nd, 1939, served notice of a motion reserving its right to remove the cause to the United States District Court for the Eastern District of South Carolina; for an order setting aside the service of summons and complaint upon J. P. Roche, upon the ground that he was not an agent of the defendant upon whom service of process could be effected; for an order adjudging the Common Pleas Court of Florence County to be without jurisdiction of said cause, upon the ground that the defendant neither maintains an office or agent in said County nor transacts business therein, nor owns property and transacts business therein, and, therefore, the Court had no jurisdiction of the subject matter; and, failing therein, for an order transferring the cause to the Court of Common Pleas for Richland County or Greenville County, the nearest counties to Florence, in which defendant would be subject to the jurisdiction of the Court.

Defendant also, on July 22nd, 1939, served notice of intention of filing, and filed petition and bond for the removal of the action to the United States District Court for the Eastern District of South Carolina upon the ground of diversity of citizenship.

On August 7th, 1939, defendant filed its answer in the cause, subject to, and reserving its rights under motions to set aside the service of the summons and complaint and for a change of venue, or for transfer of the cause to the Columbia Division of the Federal Court previously noted in the State Court. On the same date, defendant served notice of motion before this Court for an order setting aside service of summons and complaint, and dismissing the action upon the ground that no jurisdiction was acquired of the defendant for the reason that it owned no property, maintained no offices or agents, and did not transact business in Florence County; and, failing in such motion, for an order transferring the cause from the Florence Division to the Columbia Division, upon the ground that in no event could the action be tried

or maintained in the Florence Division, but, if maintainable at all, could only be maintained and tried in the Division of this Court embracing Richland County, in which County only defendant would be subject to suit.

Thereafter plaintiff and defendant entered into a written stipulation, bearing date September 4, 1939, confirmed by order of this Court bearing date September *8th,* 1939, wherein it was stipulated, among other things, "that the service upon J. P. Roche was service upon the defendant within the Eastern District of this Court, but the question reserved for determination hereinafter of the place of trial of said cause is left open for adjudication by the Court" and "to have determined whether the said cause should be transferred from the Florence Division of this Court to the Columbia Division." It was further stipulated that if it should be determined that the cause should be transferred to the Columbia Division the plaintiff would be regarded as having made a motion to retransfer it to the Florence Division, upon the grounds that the ends of justice and the convenience of witnesses would be served thereby.

Section 53 of the Judicial Code, 28 U.S.C.A. § 114, among other things, provides: "When a district contains more than one division, every suit not of a local nature against a single defendant must be brought in the division where he resides; but if there are two or more defendants residing in different divisions of the district it may be brought in either division. * * * In all cases of the removal of suits from the courts of a State to the district court of the United States such removal shall be to the United States district court in the division in which the county is situated from which the removal is made; * * *."

By Section 105 of the Judicial Code, as amended, 28 U.S.C.A. § 186, the State of South Carolina is divided into two Districts, known as the Eastern and Western Districts of South Carolina. By the same Act, the Eastern District is divided into five divisions, including the Columbia and Florence Divisions. The Columbia Division includes the territory embraced in the Counties of Kershaw, Lee, Lexington, Richland and Sumter. The Florence Division includes Chesterfield, Darlington, Dillon, Florence, Georgetown, Horry, Marion, Marlboro and Williamsburg Counties.

■ Section 28 of the Judicial Code, 28 U.S.C.A. § 71 provides for the removal of actions "into the district court of the United States for the proper district." It is now established that this section, in connection with Section 114, requires that the case shall be removed to the District Court of the District in which the action in the State Court was brought; that is, the District which includes the county or place where the suit is pending at the time of the removal. Rose Federal Jurisdiction & Procedure, Sections 371, 381; 4 Hughes, Federal Practice, § 2297; General Investment Co. v. Lake Shore & M. S. R. Co., 260 U.S. 261, 43 S.Ct. 106, 67 L.Ed. 244.

It is clearly held in the last mentioned case that the venue of an action upon removal is not the District in which it might have originally been brought, but is the District in which the case is pending. The reason for the rule is said to be that the right of removal is a personal privilege of the defendant, which he may assert or may waive. See Tennessee Valley Authority v. Tennessee Electric Power Co., 6 Cir., 90 F.2d 885.

The same principle is laid down in Seaboard, etc., v. Chicago, R. I. & P. R. Co., 270 U.S. 363, 46 S.Ct. 247, 248, 70 L.Ed. 633 in the following language: "Whether the suit be originally brought in the District Court or removed from a state court, the general federal jurisdiction is the same; and the venue or local jurisdiction of the District Court over the person of the defendant is dependent in the one case as in the other upon the voluntary action of the non-resident defendant, being acquired in an original suit by his waiver of objection to the venue, *and in a removed suit by his application for the removal to the District Court.*" (Italics ours).

See also Lee v. Chesapeake & O. R. Co., 260 U.S. 653, 43 S.Ct. 230, 67 L.Ed. 443; Matarazzo v. Hustis, D.C., 256 F. 882.

It follows that the action could only be, and has been, properly removed to the Florence Division of the District Court of the United States for the Eastern District of South Carolina.

The stipulation admits that the service upon the defendant within the Eastern District of this Court is sufficient, and the only question is whether the case should be transferred from the Florence Division of this Court to the Columbia Division. The venue of the action, however, upon removal is, by Section 114, fixed in the Florence Division, and I have not found, nor has there been brought to my attention, any Federal statute authorizing the transfer of the cause to the Columbia Division for trial. In the absence of such statutory authority, I am of the opinion that the cause must be tried in the Florence Division.

■ Rule 240 of the Rules of the District Court for South Carolina provides:

"All civil cases which require a jury will, unless otherwise ordered by the Court, be assigned for trial in the division in which they arose. In cases removed to this court from the State Circuit Court, the case shall be deemed under this rule to arise from the county from which the case is removed, * * *

"Whenever in any civil jury case, any party desires a trial for special reasons of emergency or otherwise in some other division than the division provided for by this rule, or to which the case may be assigned for trial by the clerk, such party may apply, upon four (4) days notice to the opposite party, to the court for an order transferring the case for trial to another division, provided that the time designated in such notice for the hearing of such application shall be at least fourteen (14) days before the first day of the term at which a trial is desired."

Under the provisions of this rule, the case is for trial in the Division in which it arose, which is the Florence Division. The defendant contends that the framers of this rule evidently did not have in mind the situation where a case was brought against a foreign corporation in the state court of a county in which the corporation did not have an office or agent, and that a sensible construction of the rule requires that the case be assigned for trial in the Division in which it "arose" as meaning in the court originally having jurisdiction; that is to say, that a case must be considered as having arisen in a county where the corporation could have been sued. The rule itself, however, furnishes the definition of this expression with reference to removed cases as it says "the case shall be deemed under this rule to arise from the county from which the case is removed." I do not believe that the rule can be applied to change the venue prescribed by Section 53 of the Judicial Code, 28 U.S.C.A. § 114, and, therefore, do not regard the matter as being discretionary, but were I required, as a matter of law, as contended by defendant, to remove the

case to the Columbia Division, I would be constrained to retransfer it to the Florence Division upon the showing made as to convenience of witnesses and ends of justice.

The defendant contends that this action must be transferred to the Columbia Division for trial; that is to say, that the Florence Division of this Court has no jurisdiction of the cause, other than for an order to be entered in that Division transferring it to the. Columbia Division for trial, because Section 422, Code of Laws of South Carolina 1932, Vol. 1, provides that an "action shall be tried in the county in which the defendant resides at the time of the commencement of the action." It has been held by the South Carolina Courts that an action against a foreign corporation, duly domesticated under the laws of this State, has to be tried in a county where it maintains an agent and transacts its corporate business. Defendant contends, under the statute and decisions of the South Carolina Supreme Court, the action must, as a matter of law, be transferred to the Columbia Division for trial.

██ The right of removal of causes from a state to a Federal court is purely statutory and exists only in. such cases as Congress has seen proper to provide for. The Federal Courts have no jurisdiction, and cannot exercise any, on removal of a cause, but such as Congress by legislative acts, warranted by the Constitution, has conferred on them. See authorities cited in Note 21, 28 U.S.C.A. § 71. Jurisdiction of Federal courts is thus made dependant upon Federal statutes, and state statutes have no application. This point cannot better be illustrated than by a consideration of this matter in the light of the Federal and state statutes relating to .jurisdiction of an action against this defendant. This is merely to illustrate the inapplicability of state statutes, because there is, as pointed out above, a difference between venue upon removal and jurisdiction for the purpose of suit in the Federal court. This subject is comprehensively dealt with in General Investment Co. v. Lake Shore & M. S. R. Co., 260 U.S. 261, 43 S.Ct. 106, 67 L.Ed. 244, previously referred to.

██ Section 51 of the Judicial Code, 28 U.S.C.A. § 112, as amended April 16th, 1936, provides: "Where the jurisdiction is founded only on the fact that the action is between citizens of different States, suit shall be brought only in the district of the residence of either the plaintiff or the defendant."

The aforementioned provision is likewise found in Section 51 of the Judicial Code before it was amended.

Under this Section, it must be admitted that the Florence Division of the District Court of the United States for the Eastern District of South Carolina would have jurisdiction of an original action in the Federal Court against the defendant, but in Section 422, Code of Laws of South Carolina, Vol. 1, it is provided that an "action shall be tried in the county in which the defendant resides at the time of the commencement of the action." Under this Section, were defendant correct in its contention that the South Carolina Acts must be given force and effect, the Florence Division of the District Court of the United States for the Eastern District of South Carolina would not have jurisdiction of the defendant. The Federal Act admittedly would apply in an action brought originally in the Federal Court. If it does, in the matter of jurisdiction of an original action in the Federal Court, it likewise applies in regard to jurisdiction or venue of a removed action.

It was held in McCullough v. U.S. Grocers' Corp., D.C., 247 F. 880, 882, that where jurisdiction is founded upon diversity of citizenship, suit should be brought only in the district of the residence of either plaintiff or defendant, and where a local plaintiff brings his action against a non-resident corporation in the District court in a district where there is more than one division, it is properly brought in the division in which plaintiff resides, notwithstanding the fact that the foreign corporation does business in another division of the district. Plaintiff resided in Cleveland, in the Eastern Division of the Northern District of Ohio. The defendant, a foreign corporation of the State of Delaware, was engaged in a wholesale grocery business with its principal place of business in Toledo in the Western Division of said District. The defendant was served at its usual place of business in Toledo in said Western Division. It appeared especially and moved to quash and set aside the service of summons, and one of the grounds was that the action had to be brought in the Western Division because the defendant resided there. The Court called attention to the fact that Section 53 of the Judicial Code, 28 U.S.C.A. § 114,.

provides that where a district contains more than one division every suit, not of a local nature, against a single defendant must be brought in the division where he resides. The Court said: "The defendant, being a foreign corporation, it is settled law, is a citizen and resident only of the state under the laws of which it is organized; and, inasmuch as the plaintiff is a citizen and resident of the Northern district of Ohio and of the Eastern division thereof, and the defendant a citizen and resident only of the state of Delaware, this action was properly instituted in the Eastern division." Cited in support of the conclusion are: Shaw v. Quincy Mining Co., 145 U.S. 444, 12 S.Ct. 935, 36 L.Ed. 768; Southern Pacific Co. v. Denton, 146 U.S. 202, 204, 13 S.Ct. 44, 36 L.Ed. 942; Simpkins, Equity, pages 109, 115.

The same conclusion is reached by District Judge Sanford in Reich v. Tennessee Copper Co., D.C., 209 F. 880.

It thus appears, considering the matter from the standpoint of the original jurisdiction of the Federal Court, that if defendant's contention were correct to the effect that South Carolina statutes apply, the action could not be brought in the Federal Court in the Florence Division because the South Carolina statute, as construed by the South Carolina courts, requires it to be brought against a domesticated foreign corporation where it has an office and agent. It certainly could not be brought in the Federal Court in the Columbia Division as an original action, because the Federal statute requires it to be brought only in the district of the residence of either the plaintiff or the defendant, and admittedly neither is a resident of the Columbia Division. The defendant's argument, followed to its logical conclusion, would result that the defendant, although it is domesticated and doing business in the State of South Carolina and maintains an office and agent in Columbia, could not be sued at all in the State of South Carolina in the Federal Court.

If it should be assumed that the South Carolina statutes apply, it necessarily follows that all apply. Section 426 Code of Laws of South Carolina, Vol. 1, provides that the court may change the place of trial in certain instances, including the following: "when the convenience of witnesses and the ends of justice would be promoted by the change." This power exists unaffected by Section 422 referred to above. If Section 422 applied to this action now pending in the Federal Court requires its transfer to the Columbia Division, Section 426 would authorize the court to send it back to the Florence Division, and upon the showing made, this court would feel constrained to transfer the case to that Division upon the ground of convenience of witnesses and ends of justice.

The venue of this action, since it has been removed, is properly in the Florence Division. Let an order be submitted refusing motion of the defendant to transfer the case to the Columbia Division for trial.