## REEDER et al. v. CORPUS CHRISTI REFINING CO.

### C. A. 841.

United States District Court
S. D. Texas, Brownsville Division.

April 23, 1952.

Crain, Muggley, Hardy & Colvin, San Benito, Tex., for plaintiff.

Lewright, Dyer, Sorrell & Redford, Corpus Christi, Tex., for defendant.

ALLRED, District Judge.

Plaintiff, a resident citizen of Oklahoma, brought this action for damages against defendant, a Texas corporation, for the death of her husband who was the father of a minor child for whose benefit recovery is sought also. Specific acts of negligence are alleged to have been committed in the Brownsville division by defendant's truck driver.

Defendant moves to transfer the action to the Corpus Christi division under the provisions of 28 U.S.C.A. § 1393(a), setting up that it is a Texas corporation "with its principal place of business and charter domicile in Corpus Christi * * * in which Corpus Christi Division this defendant resides * * *;" and that it is the sole defendant.

Section 1393(a) reads as follows:

"Except as otherwise provided, any civil action, not of a local nature, against a single defendant in a district containing more than one division must be brought in the division where he resides."

The foregoing, a part of the Act of June 25, 1948, c. 646.62, Stat. 935, is based upon and contains almost the identical language of old 28 U.S.C.A. § 114. Under that section it had been held that a domestic corporation must be sued in the division where

its principal office and place of business was located in an action, not of a local nature, brought by a non-resident. Lavietes v. Ferro Stamping & Mfg. Co., D.C., 19 F. Supp. 561, affirmed 6 Cir., 121 F.2d 455; Cf. also Schavrda v. Gulf C. & S. F. Ry. Co., D.C.Tex., 60 F.Supp. 658; Anderson v. First Security Bank, D.C.Idaho, 54 F.Supp. 937; Hills v. F. S. Harmon & Co., D.C., 56 F.2d 662.

As a part of the Act of June 25, 1948, now section 1391(c) of Title 28, it was also provided that a corporation may be sued in any *district* in which it is incorporated or *licensed to do business* or is *doing business* "and such judicial district shall be regarded as the residence of such corporation for venue purposes." It is to be noted, however, that Congress did not provide in the revision that any *division* in which a corporation was licensed to do, or *doing business,* should be regarded as its residence.

Nevertheless, so far as the *district* of suit is concerned, the test is, not where the principal office or place of business is, but where is the corporation incorporated or licensed to do business or *doing business.* And, if a corporation is *doing business* in the Brownsville *division,* which is in the Southern *district,* of what moment is it that its principal office and charter domicile is in another division where also it may be *doing business?* Why, if a corporation may be sued in a *district* where it is doing business, may it not be sued in any *division* of that district in which it is *doing business?* Since "any judicial district" in which a corporation is incorporated or licensed to do business or is *doing business* "shall be regarded as the residence of such corporation for venue purposes," why may it not be sued in any *division* of that district in which it may be *doing business?* Why should the "principal place of business," not mentioned in the statute, assume more inportance than the test of "doing business" which is specifically mentioned?

"Certainly, for *jurisdictional* purposes the 'residence' of the corporation, or its so-called 'citizenship' still continue to be the state of its incorporation, but 'residence' in terms of venue is definitely broadened" (by the wording of the present statute). "Particular weight must be given to the approval of suit, from the standpoint of *venue,* where the corporation is 'doing business.' Although undoubtedly introducing difficulties as to questions of fact as to when a corporation 'is doing business' in a district, at the same time there should be a nullification of the problem as to residency or inhabitancy in the district in which the general or principal office is located [1] and the meaning of such terms as 'principal office' and 'principal place of business' and any distinction between them." 3 Cyc. of Fed.Proc. 4.13, pp. 31–32. (Emphasis supplied.)

Here there is no claim that defendant was not, or is not, doing business in the Brownsville division. Indeed, the contrary may be assumed from plaintiff's allegations as to the operation of defendant's tractor truck in the division by defendant's employee, "acting within the scope of his employment." Of course, this could have been an isolated transaction but, as stated, defendant has not so contended. Clearly, I think, if a corporation is "doing business" in more than one division of a district and an injury is suffered, as alleged here, at the hands of its employees in carrying on that business, the injured person has the right to sue in the division where the transaction occurred.

While state legislation cannot change the residence or citizenship of a corporation so far as federal judisdiction is concerned, it is interesting to note that venue would lie in Brownsville if plaintiff had sued defendant in the state court. Art. 1995, subd. 23, Vernon's Annotated Texas Civil Statutes. And plaintiff has made an unchallenged showing that all of the witnesses to the collision, excepting defendant's driver, reside in the Brownsville division. Of course, however, the question of convenience of

---

1. Under the former venue statute, the general rule was that a corporation was a resident or inhabitant of the particular district in which its general or principal office was located. See authorities listed in footnote 79 of 3 Cyc. of Fed.Proc. 4.13, p. 32.

parties and witnesses can only be considered as a reason for transfer to a district or division where the action originally might have been brought.

Defendant's motion to transfer to the Corpus Christi division will be overruled. The Clerk will note this order on the docket and notify counsel.