**Elton R. FREUND, Plaintiff,**

v.

**AIKEN PETROLEUM COMPANY, a Corporation, Defendant.**

**Civ. A. No. 5653.**

United States District Court
E. D. South Carolina
Charleston Division.

April 5, 1957.

I. H. Jacobson and A. Arthur Rosenblum, Charleston, S. C., for plaintiff.

Coming B. Gibbs, Charleston, S. C., for defendant.

WILLIAMS, District Judge.

This matter came before me upon defendant's motion for an order transferring the cause from the Charleston Division to the Aiken Division of this Court, on the ground "that the defendant has its principal and only office and place of business in Aiken County, South Carolina, within the geographical limits of the Aiken Division * * * " of this Court.

It is admitted that the defendant is a corporation chartered and therefore domiciled in the State of South Carolina with its primary place of business located in Aiken, South Carolina, and that it was doing business in Charleston County, South Carolina. The collision out of which this non-resident plaintiff was injured and the cause of action arose, took place in Charleston County, South Carolina.

The applicable sections of the Judicial Code, Title 28 U.S.C.A., which are pertinent here, are as follows:

"§ 1391.  Venue generally

\* \* \* \* \* \*

"(c) A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes."

"§ 1393.  Divisions; single defendant; defendants in different divisions

"(a) Except as otherwise provided, any civil action, not of a local nature, against a single defendant in a district containing more than one division must be brought in the division where he resides."

Counsel for the parties have brought to my attention only one case which was decided since the 1948 changes were made in the Judicial Code in which the issue was exactly as the one presented here. Reeder v. Corpus Christi Refining Co., D.C., 111 F.Supp. 756. In this case Judge Allred refused to transfer the cause to the division in which the principal place of business of the domestic corporation was located. I agree with the result reached in his decision.

It is true that a different result was reached by the Court of Appeals of this circuit in a case which arose before the changes in the Judicial Code were made in 1948. London v. Norfolk & W. Ry. Co., 4 Cir., 111 F.2d 127. This case is no longer authority, however, since " 'residence' in terms of venue is definitely broadened" by the 1948 change which now is incorporated in Section 1391(c). Cyclopedia of Federal Practice, 3rd Ed., Sec. 4.13.

Since Section 1391(c) expressly permits a corporation to be sued where it is *doing business*, and it is admitted that the defendant was doing business in this division, the motion of defendant must be denied.

It is so ordered.