**GUY F. ATKINSON COMPANY, a corporation, et al., Plaintiffs,**

v.

**CITY OF SEATTLE, a municipal corporation, Defendant.**

**No. 2233.**

United States District Court
W. D. Washington, S. D.

Jan. 15, 1958.

Bogle, Bogle & Gates, Robert W. Graham and C. Calvert Knudsen, Seattle, Wash., Johnson & Stanton and Gardiner Johnson, San Francisco, Cal., for plaintiff.

A. C. VanSoelen, Corp. Counsel, for City of Seattle and A. L. Newbould, Asst. Corp. Counsel, Helsell, Paul, Fetterman, Todd & Hokanson, William A. Helsell and Richard S. White, Seattle, Wash., for defendant.

BOLDT, District Judge.

This action was commenced in the Southern Division of this court by the filing of a complaint alleging breach of contract and asserting jurisdiction solely by diversity of citizenship under 28 U.S.C. § 1332. Defendant City of Seattle is a municipal corporation located wholly within the Northern Division of this district.

Pursuant to 28 U.S.C. § 1406(a) defendant moves to dismiss the action, or, in the alternative, for its transfer to the Northern Division of this district on the ground that venue was improperly laid in the Southern Division by reason of 28 U.S.C. § 1393(a).[1] Plaintiffs move for continuance of hearing on the dismissal motion to permit completion of discovery concerning whether defendant in fact does business in the Southern Division. Defendant contends that continuance for such purpose must be denied because even if defendant does business in the Southern Division, it does not "reside" therein and therefore cannot be sued in that division under 1393(a).

The question of law thus presented is whether the principle of 1391(c)[2] that every place where a corporation does business shall be regarded as its residence for venue purposes is applicable to and in effect a part of 1393(a). If so, and it appears defendant is actually doing business in the Southern Division, venue of the action was properly laid in that division. If otherwise, the corporate defendant, although suable in any *district* in which it "does business" regardless of domicile, may be sued only in the *division* in which it "resides" in the domiciliary sense. Logically, the latter construction of the statutes would require suit against a corporation to be commenced only in the state of its incorporation[3] and, presumably, only in the judicial district and divisions of such state wherein the corporation might have its "principal place of business" although that term is unknown to the venue statutes. Fairbanks Steam Shovel Co. v. Wills, 240 U.S. 642, 36 S.Ct. 466, 467, 60 L.Ed. 841.

A literal reading of the venue statutes in consecutive order as last enacted (62 Stat. 935) would indicate that 1391(c) and 1393(a) are related and complementary parts of general statutes controlling the venue of actions against corporations, whether private or munic-

---

1. "(a) Except as otherwise provided, any civil action, not of a local nature, against a single defendant in a district containing more than one division must be brought in the division where he resides."

2. "(c) A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes."

3. See Fourco Glass Co. v. Transmirra Products Corp., 353 U.S. 222, at page 226, 77 S.Ct. 787, at page 790, 1 L.Ed. 2d 786, and Shaw v. Quincy Mining Co., 145 U.S. 444, 12 S.Ct. 935, 36 L.Ed. 768.

ipal. If this be true, it would be irrational and incongruous to interpret "resides" in 1393(a) as having a meaning different from that of the noun of the same word in 1391(c).

It may be that 1393(a) is not applicable to corporate defendants at all in view of the original (and revision) use of the pronoun "he" in referring to where a "defendant" resides and considering the reasonable basis for distinguishing between natural persons and corporations with respect of being sued in a *division* of residence. If so, suit against a corporation in any division of a district in which it does business impliedly would be authorized by 1391(c).

Assuming 1393(a) applies to corporations, if the word "resides" therein refers to domicile and the word "residence" in 1391(c) may mean, as it says, merely doing business, an irreconcilable conflict concerning venue will arise in every diversity case brought against a corporate defendant in a district where it does business but does not have domicile in any division of the district. Legislative intent to such effect cannot be presumed, particularly in view of how commonly and frequently the circumstances referred to can and do occur. The phrase "in the division where he resides" as used in 1393(a), if applicable to a corporate defendant, therefore must mean "in the division in which it is incorporated, *or* licensed to do business, *or* is doing business."[4] In other words, the verb "resides" in 1393(a) must have the same meaning as the noun "residence" in 1391 (c).[5]

Several cited cases hold that the predecessor of the present 1393(a) (former section 114 of 28 U.S.C.) applied only to corporations actually domiciled within the district of the forum.[6] Necessarily those decisions antedate the 1948 revision of the judicial code and now are inapplicable because that revision for the first time made a corporate defendant, for venue purposes, a resident of the judicial district in which " * * * it is incorporated or licensed to do business or is doing business * * * "[7] Defendant argues that since the 1948 reviser's notes do not mention the express and significant change in the law relating to venue of actions against corporate defendants it is to be assumed that no change was intended. That argument might apply to change by implication but

4. Garbe v. Humiston-Keeling and Co., D.C. Ill.1956, 143 F.Supp. 776, citing Barron & Holtzoff, Federal Practice and Procedure, Rules Ed., vol. 1, sec. 80, p. 154, indicates that a corporation may be sued in any district in which it is licensed to do business, regardless of domicile.

5. Although not controlling, it is interesting to note that the laws of the State of Washington provide: R.C.W. 4.12.-025, *"Actions to be brought where defendant resides—Residence of corporations. * * ** [For venue purposes] the residence of a corporation defendant shall be deemed to be in any county where the corporation transacts business or has an office for the transaction of business or transacted business at the time the cause of action arose * * *"

6. Arney v. Central Electric & Gas Co., D.C.D.Minn.1946, 66 F.Supp. 401; Anderson v. Standard Accident Ins. Co., D.C.E.D.La.1940, 36 F.Supp. 7; Williamson v. E. R. Squibb & Sons, D.C.

E.D.S.C.1939, 30 F.Supp. 629; Reich v. Tennessee Copper Co., D.C.E.D.Tenn. 1913, 209 F. 880; United States v. Southern Ry. Co., D.C.E.D.Tenn.1921, 285 F. 766; McCullough v. United Grocers' Corp., D.C.N.D.Ohio 1918, 247 F. 880; Sartor v. United Gas Public Service Co., D.C.W.D.La.1933, 3 F.Supp. 946; Sartor v. Arkansas Natural Gas Co., D.C.W.D. La.1933, 7 F.Supp. 1016; and Lavietes v. Ferro Stamping & Mfg. Co., D.C.E.D. Mich.1937, 19 F.Supp. 561.

7. 28 U.S.C. § 1391(c). Prior to 1948 the appropriate venue provisions were found in section 51 of the Judicial Code (28 U.S.C. § 112): " * * * no civil suit shall be brought in any district court against any person by any original process or proceeding in any other district than that whereof he is an inhabitant; but where the jurisdiction is founded only on the fact that the action is between citizens of different States, suit shall be brought only in the district of the residence of either the plaintiff or the defendant;"

not to statutory changes expressly and directly stated in a revision which must be given effect whether or not the subject of a reviser's note.

Freund v. Aiken Petroleum Co., D.C., 150 F.Supp. 575; Reeder v. Corpus Christie Refining Co., D.C., 111 F.Supp. 756, the only cited cases precisely in point decided since the 1948 revision of the judicial code, hold that an action against a corporate defendant based solely on diversity jurisdiction may be brought in any division where such defendant is doing business. McNeil Construction Co. v. Livingston State Bank, D.C., 155 F.Supp. 658, is not authority to the contrary because the transfer there ordered was predicated on a particular local court rule and between divisions created only by local rule.

Defendant's contention that Fourco Glass Co. v. Transmirra Products Corp., supra, has overruled the cited district court cases and requires a holding that 1393(a) is wholly unrelated to 1391(c) is not sustained by the Fourco opinion. In that case it was held "that 28 U.S.C. § 1400(b), [28 U.S.C.A. § 1400(b)] is the sole and exclusive provision controlling venue in patent infringement actions, and that it is not to be supplemented by the provisions of 28 U.S.C. § 1391(c), [28 U.S.C.A. § 1391(c)]." In so holding the Supreme Court followed and relied upon its earlier decision in Stonite Products Co. v. Melvin Lloyd Co., 315 U.S. 561, 62 S.Ct. 780, 86 L.Ed. 1026 reciting and interpreting the peculiar legislative history of the venue statutes controlling patent infringement actions. In the present case jurisdiction is not invoked under any provision of the law relating to patents, but is based solely on diversity of citizenship and the controlling considerations involved in Fourco are not here present.

For the foregoing reasons plaintiffs' motion for continuance to permit the discovery of evidence tending to show that defendant was and is doing business in the Southern Division of this district at all times pertinent to this litigation must be granted. It is so ordered.