### Benito TORRES, Jr.
### v.
### CONTINENTAL BUS SYSTEM, INC.
### Elidia Alvarado HINOJOSA
### v.
### CONTINENTAL BUS SYSTEM, INC.
### Dolores G. GUTIERREZ
### v.
### CONTINENTAL BUS SYSTEM, INC.
### Civ. A. Nos. 1486, 1488, 1489.

United States District Court
S. D. Texas,
Brownsville Division.

April 26, 1962.

Johnson, Hester, Jenkins, & Toscano, Darrell B. Hester, Harlingen, Tex., for plaintiff Benito Torres, Jr.

Gene F. McCullough, Harlingen, Tex., for plaintiffs Elidia Alvarado Hinojosa and Dolores G. Gutierrez.

Cunningham, Yznaga & Duncan, Hector Yznaga, Brownsville, Tex., for defendant.

GARZA, District Judge.

In the above three cases, the Defendant has filed a motion to dismiss because of improper venue.

The facts involved are all the same. The Defendant is the same, and the identical motion by the Defendant is made in each case.

These three suits have arisen out of an accident that happened on the 30th day of January, 1962, when an automobile occupied by some soldiers had a collision with a bus belonging to the Defendant. The accident happened on U. S. Highway 59, in the Galveston Division of this Court. Three of the soldiers in the automobile were killed and one was severely injured. Two of the Plaintiffs in the above cases are suing for damages for their deaths, and the injured soldier is suing for his injuries.

The jurisdiction of this Court is admitted by all parties and is not in question.

The Defendant, Continental Bus System, Inc., is a Tennessee corporation with a permit to do business in Texas, and does business in the Southern Dis-

trict of Texas, but not in the Brownsville Division thereof. The Plaintiffs are all residents of the Southern District of Texas, and of the Brownsville Division thereof where these suits are now pending.

These suits have been brought, and the jurisdiction of this Court has been invoked under the provisions of 28 U.S.C.A. § 1391(a), since each suit is a civil action based on diversity of citizenship, involving an amount in excess of $10,-000.00, and is brought in the District where the Plaintiffs reside.

The Defendant, in its motion to dismiss on account of improper venue, maintains that because of the provisions of 28 U.S.C.A. § 1391(c), which reads as follows:

"A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as as the residence of such corporation for venue purposes."—

it is a resident of the Southern District of Texas, since it is doing business in such judicial district.

Since for venue purposes the Defendant is a resident of the Southern District of Texas, under the provisions of 28 U.S.C.A. § 1393(a), which reads as follows:

"Except as otherwise provided, any civil action, not of a local nature, against a single defendant in a district containing more than one division must be brought in the division where he resides."—

it should have been sued in a division where it does business, because that is the division of its residence, because where it resides is where it does business.

The facts are uncontroverted that the Defendant does business in the Houston, Galveston, Victoria and Corpus Christi Divisions of this Court, but does not do business in the Brownsville Division thereof.

The Defendant maintains that since it has been made a resident, for venue purposes, of the Southern District of Texas by the provisions of 28 U.S.C.A. § 1391(c), it can invoke the provisions of 28 U.S.C.A. § 1393(a) and claim its privilege to be sued in the division where it resides or does business. Both Plaintiffs and Defendant admit that they have been unable to find any case passing squarely on this point.

The Plaintiffs maintain that they have brought their suits properly, in the District in which they all reside, and that they do not have to look beyond the provisions of 28 U.S.C.A. § 1391(a) to invoke the jurisdiction of this Court in the Brownsville Division thereof.

If we look closely at the venue statutes above quoted, we do not find any provision with regard to the division of the court where the plaintiff may bring a suit; but Congress, by the passage of 28 U.S.C.A. § 1393(a), did confer upon the defendant a personal privilege with regard to the place of the suit, as respects the division of a district where the suit must be brought. The Defendant in the present cases is asserting that privilege.

Under the facts before us, for the purposes of venue, both the Plaintiffs and the Defendant are residents of the United States District Court for the Southern District of Texas, and the Defendant has been given the privilege of being sued in a Division thereof where it resides, in a case of this type which is not of a local nature but is a transitory action, such as the one involved here.

I find that a foreign corporation chartered in a state other than Texas, for venue purposes is a resident of any judicial district where it does business in Texas, and that it has the privilege of being sued in a division where it does business, and cannot be sued, when it claims that privilege, in a division where it does not do business, as in the case before us.

 Under the authority of 28 U.S.C.A. § 1406(a), I find that this case has been brought in the wrong Division;

but in the interest of justice these cases should not be dismissed, but should be transferred to the Corpus Christi Division of this Court, where they could have been brought and still comply with the provisions, not only of 28 U.S.C.A. § 1391(a), but also of 28 U.S.C.A. § 1393 (a). Under this finding, the Plaintiffs are still bringing their suits in the District where they all reside, and the Defendant is enjoying the privilege granted it by the Congress to be sued in a Division where it does business and therefore resides.

It is, therefore, ordered that these cases be, and the same are hereby transferred to the Corpus Christi Division of this Court.

The Clerk will notify counsel, and counsel for the Defendant will submit an order to this effect, to be entered within five (5) days of the date of this opinion; and the Defendant is given until May 18, 1962, to file their answers to Plaintiffs' petitions herein.