Benjamin O. **JOHNSON** et al., Plaintiffs,

v.

**TRI-STATE MOTOR TRANSIT COMPANY,** Defendant (and fifteen related cases).

Civ. A. No. 15974-3 to 15989-3.

United States District Court
W. D. Missouri, W. D.

Dec. 15, 1966.

---

Paul R. Ervin, Frank W. Snepp, Jr., Charlotte, N. C., David R. Hardy, James W. Ottman, David W. Shinn, of Shook, Hardy, Ottman, Mitchell & Bacon, Kansas City, Mo., for plaintiffs.

Albert W. Thomson, of Linde, Thomson, Van Dyke, Fairchild & Langworthy, Lawrence R. Brown, of Stinson, Mag, Thomson, McEvers & Fizzell, Kansas City, Mo., for defendant.

MEMORANDUM, FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS FOR IMPROPER VENUE

BECKER, Chief Judge.

This action, and each of the fifteen related actions, is a civil action by one or more owners of stock of Kilgo Motor Freight, Inc., a North Carolina corporation, against Tri-State Motor Transit Company, a corporation. The claim for relief is based upon alleged breach of contract by the defendant to purchase from some of the plaintiffs the stock of plaintiffs in Kilgo Motor Freight, Inc. and to cause to be paid a stipulated sum in eight annual installments for debentures owned by plaintiffs and issued by Kilgo Motor Freight, Inc. or at the election of debenture holders to convert debentures into Tri-State Motor Transit stock at agreed rates.

The debenture holders who are plaintiffs claim special damages for an alleged breach of agreement to convert Series A 6% debentures into common stock of Tri-State Motor Transit.

Jurisdiction of each of these actions is asserted upon alleged diversity of citizenship and presence of the jurisdictional amount in each case. In each case it is alleged that the individual plaintiff or plaintiffs is not a citizen of Missouri or

of Delaware. It is further alleged that the defendant Tri-State Motor Transit Company is a corporation incorporated under the laws of Delaware and has its principal place of business in Joplin, Missouri, in the Southwestern Division of this District. (One or more companion cases in which the jurisdictional amount is not present have been filed in the Circuit Court in Jackson County at Kansas City, Missouri.) Because these actions involved common questions of fact, those pending before other Judges of this Court have been transferred to the undersigned under Local Rule 23, the low number rule.

The cases have been consolidated for pretrial purposes, including hearing and ruling upon pending motions.

In each case the defendant has filed a motion to dismiss for improper venue, on the ground that

"because the defendant is a Delaware corporation not doing business in the Western Division of the Western District of Missouri and this action therefore is not maintainable in the Western Division of the Western District of Missouri."

In support of this motion defendant filed the affidavit of George F. Boyd in which the affiant stated that he was a resident of Joplin, Missouri, and the president of the defendant corporation; that the defendant corporation is a Delaware corporation with its principal and only offices and place of business in the State of Missouri located near Joplin, Missouri; that the books and records of the defendant corporation are located in its offices near Joplin, Missouri; that the chief executive officers of the defendant reside in Joplin, Missouri; that all decisions of the management of the defendant corporation are made at its offices near Joplin, Missouri; that the defendant corporation has a terminal, garage facilities and a trucking area near Joplin, Missouri; and that it operates in Missouri wholly and completely from its home offices near Joplin, Missouri. While the precise location of the alleged principal place of business of the defendant is not fixed in the affidavit, it is conceded that the place referred to in the affidavit of Mr. Boyd is within Jasper County in the Southwestern Division of this District.

With its suggestions in opposition to defendant's motion to dismiss the plaintiff has filed the affidavit of one of its counsel in which it is stated that the records of the Public Service Commission of Missouri show that the defendant corporation is the holder of a certificate of convenience and necessity and of an interstate permit authorizing it to operate intrastate and interstate within Missouri as a common carrier of explosives from Joplin over United States Highway No. 71 to Kansas City and return and all intermediate points between Joplin and Kansas City with authority to pick up and discharge shipments at Joplin, Kansas City, and all intermediate points between Joplin and Kansas City. The certified copy of the order of the Public Service Commission of Missouri granting this authority includes additional intrastate and interstate authority not material to the decision on this motion.

No counter-affidavit was filed in reply to the affidavit of plaintiff's counsel. At the hearing and by letter of December 12, 1966, it was conceded as a matter of fact by the defendant's counsel that, while the principal place of business of the defendant was claimed to be in the Southwestern Division of this District, the defendant at the time of the filing of this suit and presently had been engaged in hauling explosives as a common carrier to and through Jackson County, Missouri, located in the Western Division of this District, in which the suits were filed. It is further admitted by counsel for the defendant that the defendant has a resident agent for service of process in Kansas City, Jackson County, Missouri, in the Western Division of this District.

The plaintiff contends that the defendant corporation may be sued in any division in which it is doing business, and that the hauling of explosives as a common carrier in and through counties lo-

cated in the Western Division of Missouri constitutes the doing of business in the Division. Plaintiff relies on Section 1391(c) of Title 28, United States Code.

The defendant contends, on the other hand, that it may be sued in Missouri only in the division in which it has its principal place of business, since that is the only division in this state in which it may be considered a resident. Defendant relies upon Section 1393(a) of Title 28, United States Code. In this connection defendant contends and plaintiff concedes that this is not an action of a local nature within the meaning of Section 1393(a).

## STATUTES INVOLVED

The statutes involved are Sections 1391(c) and 1393(a) of Title 28, United States Code:

"§ 1391. *Venue generally*

\* \* \* \* \* \* \*

"(c) A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes.

\* \* \* \* \* \* \*

"§ 1393. *Divisions; single defendant; defendants in different divisions*

"(a) Except as otherwise provided, any civil action, not of a local nature, against a single defendant in a district containing more than one division must be brought in the division where he resides."

## CONCLUSIONS OF LAW

■■ First it is concluded that under the facts set forth hereinabove, the defendant corporation, by hauling explosives as a common carrier from Joplin to Kansas City in and through counties in the Western Division, is doing business in the Western Division. 1 Barron & Holtzoff (Wright ed.), § 80, pages 388 to 390. 1 Moore on Federal Practice, § 0.143(3) at page 1560. This conclusion is reached upon federal standards of what

constitutes doing business for venue purposes, rather than on standards of state law. Wright on Federal Courts (1963), p. 133, n. 42.

For the purposes of making this determination it is not necessary to examine the significant factual details upon which borderline cases are determined, such as those discussed in the Note entitled "Doing Business as a Test of Venue and Jurisdiction Over Foreign Corporations in the Federal Courts". 56 Colum.L.R., at pages 404 to 408, inclusive (1956).

■ Finally, it is concluded that venue is properly laid in these cases in the Western Division at Kansas City under the provisions of Section 1391(c) of Title 28, United States Code, quoted above. The interpretation of Section 1391(c) is not free from difficulty, because that section does not expressly mention the division in which a corporation may be sued. Its express provisions deal only with the "judicial district" in which the corporation may be sued and the "judicial district" which shall be regarded as the residence of the corporation for venue purposes. On the other hand, Section 1393(a) deals with the division in which a civil action "not of a local nature, against a single defendant" must be brought "except as otherwise provided." Under Section 1393(a) such actions "must be brought in the division where he [the single defendant] resides."

The defendant contends that Section 1393(a) controls actions against a corporation which is a single defendant and that Section 1391(c) does not provide for venue (or residence) of a corporation in each division of a district in which it does business.

■ This contention of the defendant was held to be unsound in 1958 by Judge George H. Boldt (Western District of Washington) in Guy F. Atkinson Company et al. v. City of Seattle, 159 F.Supp. 722. This excellent opinion of Judge Boldt has stood the test of more than eight years' time. It is the only construction which gives meaning and significance to all of the provisions of both

Sections 1391(c) and 1393(a). Judge Boldt's opinion in the *Atkinson* case was followed in the only other reported case directly in point, Sharp v. Commercial Solvents Corporation, et al., D.C., 232 F.Supp. 323. The following quotations from the *Atkinson* case are cited with approval:

"The question of law thus presented is whether the principle of 1391(c) that every place where a corporation does business shall be regarded as its residence for venue purposes is applicable to and in effect a part of 1393 (a). If so, and it appears defendant is actually doing business in the Southern Division, venue of the action was properly laid in that division. If otherwise, the corporate defendant, although suable in any *district* in which it 'does business' *regardless* of domicile, it may be sued only in the *division* in which it 'resides' in the domiciliary sense. \* \* \*

"\* \* \* would indicate that 1391 (c) and 1393(a) are related and complementary parts of general statutes controlling the venue of actions against corporations, whether private or municipal. If this be true, it would be irrational and incongruous to interpret 'resides' in 1393(a) as having a meaning different from that of the noun of the same word in 1391(c).

"It may be that 1393(a) is not applicable to corporate defendants at all in view of the original (and revision) use of the pronoun 'he' in referring to where a 'defendant' resides and considering the reasonable basis for distinguishing between natural persons and corporations with respect of being sued in a *division* of residence. If so, suit against a corporation in any division of a district in which it does business impliedly would be authorized by 1391(c).

"Assuming 1393(a) applies to corporations, if the word 'resides' therein refers to domicile and the word 'residence' in 1391(c) may mean, as it says, merely doing business, an irreconcilable conflict concerning venue will arise in every diversity case brought against a corporate defendant in a district where it does business but does not have domicile in any division of the district. Legislative intent to such effect cannot be presumed, particularly in view of how commonly and frequently the circumstances referred to can and do occur. The phrase 'in the division where he resides' as used in 1393(a), if applicable to a corporate defendant, therefore must mean 'in the division in which it is incorporated, *or* licensed to do business, *or* is doing business.' In other words, the verb 'resides' in 1393(a) must have the same meaning as the noun 'residence' in 1391(c)."

This view is supported by 1 Moore on Federal Practice, § 0.143(3), page 1560.

For the purposes of these cases it is not necessary to hold as was held in the *Sharp* case, supra, that by securing a license to do business, and by designating an agent for the service of process in Missouri, that the defendant has waived any question of venue on the application of Section 1393(a).

The defendant in its brief relies principally upon the following cases: Torres v. Continental Bus System, Inc. (S.D. Tex.) 204 F.Supp. 347; Sheldon Steel Corporation v. Standard Fruit Company, D.C., 219 F.Supp. 521. Neither of these cases is inconsistent with the conclusion reached in these cases. The *Torres* case was decided upon the principle that a corporate defendant " \* \* \* cannot be sued, when it claims that privilege, in a division where it does not do business, as in the case before us." 204 F. Supp., l. c. 348. The *Sheldon Steel Corporation* case is decided upon the principle that the defendant might be sued in the New Orleans Division of the Eastern District of Louisiana because it appears generally to be doing business in that division, and also had its principal office therein. This is consistent with the holding in these cases.

Finally, it is concluded that this is not an action of a local nature within the meaning of Section 1393(a). Both par-

ties agree that this is a transitory cause of action which is not of a local nature. It is concluded that the parties were correct in this respect but that this conclusion does not require or authorize a holding that there is improper venue in these cases. On the other hand, the conclusion that the action is transitory and not of a local nature supports the ultimate conclusion that venue is properly laid in these cases.

It should be noted that if the venue were improperly laid in these cases, the preferable remedy would have been to transfer the cases to a division in which they could have been brought under the provisions of Section 1406(a) of Title 28, United States Code. See Torres v. Continental Bus System, Inc., supra. For the foregoing reasons, it is hereby

Ordered that the motions to dismiss for improper venue be denied in each of these cases.