Hugh **HENDERSON**

v.

**WYETH LABORATORIES, INC.** and
Sterling Drug, Inc.

Civ. A. No. 7096.

United States District Court,
E. D. Tennessee, N. D.

Sept. 28, 1970.

Dalton Townsend, Walter, Gilbertson & Claiborne, Knoxville, Tenn., for plaintiff.

Robert Campbell, Hodges, Doughty & Carson, Knoxville, Tenn., for Wyeth.

W. P. O'Neil, O'Neil, Parker, Williamson & Jarvis, Knoxville, Tenn., for Sterling Drug, Inc.

## MEMORANDUM

ROBERT L. TAYLOR, District Judge.

Hugh Henderson seeks damages for injuries caused by injections of allegedly adulterated drugs manufactured and distributed by Wyeth Laboratories, Inc. and Sterling Drug, Inc. Defendants have moved to dismiss because the venue is improper.

Plaintiff alleges that he is a citizen and resident of McMinn County in the Southern Division of the Eastern District of Tennessee and that he was injected with these drugs in Englewood, McMinn County, Tennessee. The attorney for plaintiff has deposed that defendants are doing business in the Northern Division of the District. Wyeth Laboratories, Inc. is a Pennsylvania corporation not qualified or licensed to do business in Tennessee. Sterling Drug, Inc. is a foreign corporation with a place of business in New York and is similarly not qualified or licensed to do business in Tennessee.

Defendants contend that since plaintiff resides in the Southern Division of this District, the proper venue is in the Southern Division. The statute controlling venue provides:

"§ 1391. *Venue generally*

"(a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in the judicial district where all plaintiffs or all defendants reside, or in which the claim arose."

In this transitory civil action founded only on diversity of citizenship, plaintiff may select venue in the residence where he resides, where the claim arose, or where the defendant resides. Moore's Federal Practice, ¶ 0.142[3]. The 1948 Amendments significantly broadened the past definitions of corporate residence for venue purposes. The current amended statute provides:

"(c) A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes."

Venue consequently is proper in this District and more particularly the Southern and Northern Divisions since both defendants are allegedly "doing business" therein. Reeder v. Corpus Christi Refining Co., 111 F.Supp. 756 (S.D.Tex., 1952); Freund v. Aiken Petroleum Co., 150 F.Supp. 575 (E.D.S.C., 1957); Guy F. Atkinson Co. v. Seattle, 159 F.Supp. 722 (W.D.Wash., 1958); Johnson v. Tri-State Motor Transit Co., 263 F.Supp. 278 (W.D.Mo., 1966).

The statute controlling venue within the divisions of a district provides:

"§ *1393. Divisions; single defendant; defendants in different divisions*

"(a) Except as otherwise provided, any civil action, not of a local nature, against a single defendant in a district containing more than one division must be brought in the division where he resides.

"(b) Any such action, against defendants residing in different divisions of the same district or different districts in the same State, may be brought in any of such divisions."

The statute does not literally cover the situation where two corporate defendants are "doing business" in two divisions of a district. Roark v. Bauer, 181 F.Supp. 330 (N.D.Ohio, 1960). Section 1393(b) authorizes venue in any division wherein one of many corporate defendants is doing business. It follows that venue in any division where all the corporate defendants are doing business is also proper.

It is, therefore, ordered that defendants' motion to dismiss be, and same hereby is, denied.