Edward Joseph **DENKE**, Jr., Plaintiff,

v.

**GALVESTON, HOUSTON & HENDERSON RAILROAD COMPANY,**
Defendant.

**Civ. A. No. 72–H–618.**

United States District Court,
S. D. Texas,
Houston Division.

Sept. 7, 1972.

Norman R. Jones, Downman, Jones & Schechter, Houston, Tex., for plaintiff.

Harman Parrott, Sewell, Junell & Riggs, Houston, Tex., for defendant.

## MEMORANDUM AND ORDER

CARL O. BUE, Jr., District Judge.

This action arises under the Federal Employers' Liability Act, 45 U.S.C. § 51 et seq. (1952) in that it is alleged that the plaintiff, employed as a carman for defendant Galveston, Houston & Henderson Railroad Company, was severely injured when run over by a railroad car during a switching operation. The plaintiff brought suit in the Houston Division, Southern District of Texas and opposes any transfer. The defendant seeks to transfer the action to the Galveston Division alleging, and the plaintiff admitting, that the plaintiff at all material times was a resident of and domiciled in Galveston County, that the defendant corporation had its principal office and place of business in Galveston County, and the occurrence complained of occurred in Galveston County, Texas. The defendant admits having railroad tracks within the Houston Division. The issue before this Court is whether a corporate defendant may, under the facts here present, obtain a transfer of an action against the plaintiff's wishes to the Division of its principal place of business where the convenience of the parties is not seriously at issue.

The difference between trial in the Houston Division and the Galveston Division, aside from possibly being tried by a different Judge, involves a distance of approximately fifty miles. The defendant relies solely upon 28 U.S.C. § 1393(a) which provides:

Except as otherwise provided, any civil action, not of a local nature, against a single defendant in a district containing more than one division must be brought in the division where he resides.

An issue of interpretation and application is raised by the existence of a venue statute expressly applicable to corporations. This statute, 28 U.S.C. § 1391(c), reads:

A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes.

The defendant cites a case from this District, strikingly similar to the present case, interpreting the forerunner of § 1393(a), old 28 U.S.C. § 114 (1940), as requiring an FELA action against a domestic railroad to be brought in the Division where the railroad "resides" rather than where it may be found to be doing business. Schavrda v. Gulf, C. & S. F. Ry. Co., 60 F.Supp. 658 (S.D.Tex. 1945).

Significant changes in the law have occurred since 1945, however. In 1948 there were substantial changes made by Congress affecting corporations, the above § 1391(c) being most important for our purposes here. In a carefully considered opinion it has been held that the use of the word "he" in § 1393(a) indicated a Congressional intent not to have that section applicable to corporations. Technograph Printed Cir. v. Packard Bell Electronics Corp., 290 F.Supp. 308, 324 (C.D.Cal.1968); cf. Sharp v. Commercial Solvents Corp., 232 F.Supp. 323, 325 (N.D.Tex.1964). Other courts have read § 1393(a) together with § 1391 (c) so that the word "resides" would be interpreted to provide proper venue in any Division of a multi-Division District in which the corporation is incorporated, or licensed to do business, or is doing

business. Henderson v. Wyeth Laboratories, Inc., 319 F.Supp. 565 (E.D.Tenn. 1970); Johnson v. Tri-State Motor Transit Co., 263 F.Supp. 278 (W.D.Mo. 1966); Torres v. Continental Bus System, Inc., 204 F.Supp. 347 (S.D.Tex. 1962); Guy F. Atkinson Co. v. City of Seattle, 159 F.Supp. 722 (W.D.Wash. 1958); Freund v. Aiken Petroleum Co., 150 F.Supp. 575 (E.D.S.C.1957); Reeder et al. v. Corpus Christi Refining Co., 111 F.Supp. 756 (S.D.Tex.1952). It is worthy of note that both *Atkinson* and *Reeder* (the latter citing *Schavrda, supra*), specifically held that the cases interpreting old 28 U.S.C. § 114 were overruled by the 1948 changes in corporate venue as provided by § 1391(c).

■■ The Court recognizes that the parties and undoubtedly most witnesses are located in the Galveston Division. Nevertheless, there is a strong judicial preference for allowing the plaintiff to choose his forum. Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508, 67 S.Ct. 839, 91 L.Ed. 1055 (1946); Time, Inc. v. Manning, 366 F.2d 690, 698 (5th Cir. 1966); Hyde Construction Co. v. Koehring Co., 321 F.Supp. 1193, 1212 (S.D. Miss.1969). As this Circuit has noted, "At the very least, the plaintiff's privilege of choosing venue places the burden on the defendant to demonstrate why the forum should be changed." Time, Inc. v. Manning, *supra*, 366 F.2d at 698. The defendant has not met that burden here. It admits doing business within the Houston Division, inasmuch as it has tracks within the Division. There is no allegation made, nor does the nature of the alleged incident suggest, that suit in this Division or the distance of fifty miles would be particularly inconvenient to the parties or the trial of this action. This Court finds that § 1393(a) at the very least must be read in a compatible manner with § 1391(c). Finding that the defendant was doing business in this Division, and finding no prevailing reason for transferring this case, the defendant's motion to transfer is denied. Clerk will notify counsel.