Billy ENGLAND, Frances England,
Plaintiffs–Appellees,

v.

ITT THOMPSON INDUSTRIES, INC.,
Defendant–Appellant.

No. 88–8109
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Oct. 7, 1988.

Michael J. Rust, Fortson and White, Williston C. White, Atlanta, Ga., for defendant-appellant.

P. Russell Tarver, Cherry & Givens, Birmingham, Ala., J. Keith Givens, Cherry & Givens, Dothan, Ala., for plaintiffs-appellees.

Before RONEY, Chief Judge, KRAVITCH and JOHNSON, Circuit Judges.

RONEY, Chief Judge:

This is an appeal from an interlocutory order denying a corporate defendant's motion to transfer this case from the Columbus Division of the Middle District of Georgia to the Valdosta Division. The district court certified that the order involved a controlling, unsettled question of law, the final resolution of which would advance the ultimate termination of the litigation. A panel of this Court granted the corporate defendant's application for appeal, establishing our jurisdiction under 28 U.S.C.A. § 1292(b). We affirm the denial of the motion for change of venue.

The issue is twofold: whether the district court *had* to dismiss or transfer the case under 28 U.S.C.A. § 1391(c), which requires a suit against a single defendant to be brought in the division where the defendant resides, or failing that, whether the district court abused its discretion in not transferring the case as a matter of convenience under 28 U.S.C.A. § 1404(a).

The suit arose when plaintiff Billy England was injured delivering a load of sheet metal rolls to ITT Thompson Industries' plant in Valdosta, Georgia. Valdosta is in the Valdosta Division of the Middle District of Georgia. 28 U.S.C.A. § 90(b)(6). England and his wife reside in Crossville, Alabama. Their diversity action against ITT was brought in the Columbus Division of the Middle District of Georgia.

### Section 1393(a)

Section 1393(a) provides that a civil action of this kind "against a single defendant in a district containing more than one division must be brought in the division where he resides." ITT argues that this section applies to corporations as well as personal defendants. Plaintiffs assert that the use of this pronoun "he" reflects a congressional intention that this section apply only to personal defendants. Although plaintiffs' argument has received some support, *Technograph Printed Circuits, Ltd. v. Packard Bell Electronics Corp.*, 290 F.Supp. 308, 324–25 (C.D.Cal.1968); *Sharp v. Commercial Solvents Corp.*, 232 F.Supp. 323, 325–56 (N.D.Tex.1964), it has also been criticized.

> Amazingly several cases have held that [section 1393(a) ] has no application to corporate defendants, relying on the fact that the final clause of § 1393(a) says "where he resides." Fortunately this triumph of literalism over common sense has not had a wide following, and indeed in the cases in which it was advanced it was merely an alternative ground for results that were sound on other grounds. The sensible and widely-accepted view is that § 1393 applies to corporations as well as individuals....

15 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure 2d* § 3809, p. 90 (1986) ("Wright & Miller").

We need not decide this issue here because even if section 1393(a) applies to corporations, it would not avail ITT. In our judgment, the residence of this corporate defendant is district-wide, not limited to a division. "[T]he verb 'resides' in § 1393 must be given the same meaning as is stated in § 1391(c) for 'residence' of a corporation." Wright & Miller at § 3809, p. 90. Section 1391(c) provides: "A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes." Although ITT is not incorporated in Georgia and conducts business only in the Valdosta Division, ITT concedes that it is licensed to do business throughout the State, including the Columbus Division. The weight of authority gives a literal reading to the three-pronged definition of residence in section 1391(c) holding that the corporation is a resident subject to suit in each division of the district where any of the three alternatives are met.

The Tenth Circuit appears to be the only circuit to have addressed this issue previously. In *First Security Bank of Utah v. Aetna Casualty & Surety Co.*, 541 F.2d 869 (10th Cir.1976), the court held that the "three-prong definition of residence in § 1391(c) applies in deciding division venue questions under § 1393(a)...." *Id.* at 871. The court found the "policy arguments against venue where business was not transacted ... unpersuasive" for two reasons: the plain language of section 1391(c) providing alternative venue grounds for a corporation; and the existence of another venue statute—section 1404(a)—to address considerations of convenience and hardship. *Id.* at 872.

There are several district court opinions on this question and the majority of these have been decided consistently with *First Security*. *See Williams v. Hoyt*, 372 F.Supp. 1314 (E.D.Tex.1974); *Denke v. Galveston, Houston & Henderson Rail-*

**1520**

*road Co.*, 353 F.Supp. 315 (S.D.Tex.1972); *Technograph Printed Circuits, Ltd. v. Packard Bell Electronics Corp.*, 290 F.Supp. 308 (C.D.Cal.1968); *Johnson v. Tri-State Motor Transit Co.*, 263 F.Supp. 278 (W.D.Mo.1966); *Sharp v. Commercial Solvents Corp.*, 232 F.Supp. 323 (N.D.Tex. 1964). *But cf. Torres v. Continental Bus System, Inc.*, 204 F.Supp. 347 (S.D.Tex. 1962) (corporate defendant may be sued only in division where it is actually doing business).

■ We hold that under 28 U.S.C.A. § 1393(a), venue is proper in any division where a corporate defendant is incorporated, or is doing business, or is licensed to do business. Since ITT is licensed to do business in the Columbus Division of the Middle District of Georgia, it may be sued there under section 1391(c).

### Section 1404(a)

■ Section 1404(a) of 28 U.S.C.A. provides: "For the convenience of parties and witnesses, and in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

ITT argues that:

—the plaintiffs are residents of Alabama, not Columbus, Georgia;

—ITT resides in Valdosta, Georgia;

—the incident took place in Valdosta;

—neither of the parties' counsel reside in either Columbus or Valdosta;

—the witnesses identified by ITT and most of the witnesses to the incident are residents of Valdosta; and

—no witnesses in the Columbus, Georgia area have been identified.

Plaintiffs argue for their choice of forum by noting that:

—the Columbus Division is approximately equidistant between their home in Alabama and the ITT plant in Southern Georgia;

—it is difficult for Billy England to travel because of his physical disability and the drive to Valdosta from Birmingham is five hours further than the drive to the Columbus Division;

—virtually all of Mr. England's medical treatment has been rendered in Bir- mingham, and his treating physicians are located in Birmingham;

—witnesses who will testify regarding Mr. England's job performance and earnings live in the Boaz area, which is north of Birmingham; and

—the only eyewitnesses to the incident causing the injury were England and the operator of the forklift. The other 15 witnesses identified by ITT are persons who arrived at the scene of the incident after it happened. The testimony of these witnesses would presumably be merely cumulative as to what was happening insofar as aid rendered to the plaintiff after the incident. Of those 15, two now live in New York, two in Kentucky, and one each in Tennessee and Illinois.

Trial judges are permitted a broad discretion in weighing the conflicting arguments as to venue. *Howell v. Tanner*, 650 F.2d 610, 616 (5th Cir. Unit B July 1981), *cert. denied*, 456 U.S. 918, 102 S.Ct. 1775, 72 L.Ed.2d 178 (1982).

There appears to be no abuse of that discretion in denying ITT's motion for change of venue under 28 U.S.C.A. § 1404(a).

AFFIRMED.