Billy G. BAILIFF

v.

STORM DRILLING COMPANY.

Civ. A. No. 5400.

United States District Court,
E. D. Texas,
Tyler Division.

Dec. 1, 1972.

Carl Roth, Marshall, Tex., for plaintiff.

Larry Starr, Longview, Tex., for defendant.

## ORDER

JUSTICE, District Judge.

Alleging improper venue, the defendant, Storm Drilling Company has filed a motion to dismiss this civil action.

Plaintiff Bailiff brings this action for damages for personal injury based on negligence under the Merchant Marine Act of 1920, popularly known as the Jones Act, 46 U.S.C.A. § 688 et seq., and also grounded on the doctrine of unseaworthiness. Since plaintiff's amended complaint contains the appropriate statement identifying it as an admiralty or maritime claim under Rule 9(h) of the Federal Rules of Civil Procedure, the complaint is sufficient to invoke the special admiralty procedures and remedies. E. g., Di Paola v. International Terminal Operating Company, 294 F.Supp. 736 (D.N.Y.1968). A suit under Rule 9(h) is not treated as a civil action for purposes of the general venue provisions,* 28 U.S.C.A. §§ 1391–1393. Rule 82, Fed. R.Civ.P.

The rules of venue applicable to the suit joining Jones Act and unseaworthiness claims under maritime jurisdiction are not entirely free from doubt. The traditional statement of venue in maritime claims provides that

[A] libel *in personam* may be maintained for any cause within their jurisdiction, wherever a monition can be served upon the libellee, *or* an attachment made of any personal property or credits . . .. [Emphasis added.]

In re Louisville Underwriters, 134 U.S. 488, 490, 10 S.Ct. 587, 588, 33 L.Ed. 991 (1890); Atkins v. Fibre Disintegrating Co., 85 U.S. (18 Wall) 272, 21 L.Ed. 841 (1873). Since it is uncontested that the defendant's property subject to attachment lies within the Eastern District of Texas, venue in the district in which "attachment [may be] made of any personal property" would appear to be proper. Moreover, defendant previously filed a "Stipulation to Abide Judgment" in which he admitted that the property subject to attachment was present within the Eastern District and agreed both to waive attachment and to abide by the judgment of this court. Defendant's contention that venue is proper only in the Southern District of Texas, the residence of defendant's agent for service of process, is mistaken. Although the language of the Supreme Court in In re Louisville Underwriters, *supra,* appears to speak more to service of process than venue, the statement nevertheless is generally accepted as the rule of venue. 2 Norris, The Law of Seamen § 675, at 828 (2d ed. 1962). Defendant's argument must necessarily rest on a construction in the *Louisville* statement that is contrary to the natural meaning of the

---

* The Rule 9(h) action is still subject, however, to the venue *transfer* provisions of 28 U.S.C.A. § 1404(a).

disjunctive wording permitting suit where attachment is made of any personal property.

 Since venue is proper under the admiralty claim, resolution of the question of venue under the Jones Act claim may be unnecessary. Whether Jones Act venue provisions apply when a suit is brought in admiralty is unsettled. *See generally* 2 Norris, The Law of Seamen § 675 (2d ed. 1962). The venue section of the Jones Act provides that

> Jurisdiction in such actions shall be under the court of the district in which the defendant employer resides or in which his principal office is located.

46 U.S.C.A. § 688. The word "jurisdiction" in this provision means venue. Panama Railroad Company v. Johnson, 264 U.S. 375, 44 S.Ct. 391, 68 L.Ed. 748 (1924). Since the Supreme Court has held that the definition of "residence" in 28 U.S.C.A. § 1391(c) applies to the venue provision in the Jones Act permitting suit in the "district in which the defendant employer resides," Pure Oil Co. v. Suarez, 384 U.S. 202, 86 S.Ct. 1394, 16 L.Ed.2d 474 (1966), and since defendant is incorporated or licensed to do business in Texas, venue in the Eastern District of Texas is proper. A defendant corporation incorporated or licensed to do business in a state is licensed to do business, and may be sued, in each district of that state. *E. g.*, Vance Trucking Company v. Canal Insurance Company, 338 F.2d 943, 944 (4th Cir. 1964).

 Defendant's remaining contentions focus on proper *division* venue. The only statutory authority provides that

> Except as otherwise provided, any civil action, not of a local nature, against a single defendant in a district containing more than one division must be brought in the division where he resides.

28 U.S.C.A. § 1393(a). First, this provision, although applicable to other civil actions, is not applicable to a Rule 9(h) action. Rule 82, Fed.R.Civ.P. Secondly, assuming that the provision may apply

to the Jones Act ground for venue, the reasonable interpretation of that section when applied to the corporate defendant is that the phrase "in the division where he resides" should be interpreted in light of the definition of corporate "residence" in 28 U.S.C.A. § 1391(c). Thus suit must be brought in the division where the defendant is incorporated, or is licensed to do business, or is doing business. Guy F. Atkinson Company v. City of Seattle, D.C., 159 F.Supp. 722 (1958); Johnson v. Tri-State Motor Transit Company, D.C., 263 F.Supp. 278 (1966). Since the defendant is incorporated or licensed to do business in the state of Texas, and therefore licensed to do business in the Tyler Division of the Eastern District, *cf.* Vance Trucking Company v. Canal Insurance Company, *supra*, venue is proper in the Tyler Division.

 Finally, defendants contend that under the admiralty ground for venue, division venue is proper only in the Beaumont Division, where the property subject to attachment is located. To support this proposition, defendants rely on Hunt v. Paco Tankers, Inc., 226 F.Supp. 279 (S.D.Tex.1964). *Hunt* held that under the *Louisville* rule of venue applicable in admiralty cases, venue was proper only in the *division* of service of process. When the defendant is found within the district, suit is initiated by service of process on the defendant. When the defendant cannot be found within the district—as in the instant case—the suit is initiated by the process of foreign attachment on property within the district. By analogy to *Hunt*, defendants argue that since the property subject to attachment lies within the Beaumont Division, the division of attachment—like the division of service of process in *Hunt* —is the proper division for venue. Although the analogy is appealing, the restrictive notions of venue articulated in the underlying *Hunt* opinion are not. Admittedly, the location of property as determinative of an appropriate division may be more logical than the accident of the location of service of process. But this argument assumes, erroneously I

think, that venue in admiralty should be tied to divisions, as well as districts. The *Louisville* standard, though imprecise, does not purport to speak to *division* venue; thus interpretation of that language is speculative, at best. Moreover, reliance on *Hunt,* either directly or by analogy, is crippled considerably by the very careful criticism of that opinion by Judge John R. Brown in S. S. Bethflor v. Thomas, 364 F.2d 634, 635–636 at n. 5 (5th Cir. 1966). Ingrafting such restrictive rules of division venue on the admiralty courts would be "introducing the highly localized characteristic of division into a judicial structure judge-designed to meet the worldwide demands of maritime commerce". *Id.* Accordingly, it is

Ordered that defendant's motion to dismiss the above-entitled and numbered civil action for improper venue is denied.