**In re McDONNELL–DOUGLAS CORPORATION, Petitioner.**

No. 81–2119.

United States Court of Appeals, Fifth Circuit. Unit A

May 29, 1981.

Brown, Herman, Scott, Dean & Miles, Beale Dean, and Stephen C. Howell, Fort Worth, Tex., for petitioner.

Burt Berry, Dallas, Tex., for Sharon Church.

Before GEE, RUBIN, and RANDALL, Circuit Judges.

GEE, Circuit Judge:

Petitioner/defendant, McDonnell-Douglas, asks this court to issue a writ of mandamus to the district court, ordering that court to dismiss the cause of action against it or to transfer that cause to the Eastern District of Missouri, the location of petitioner's principal place of business. The action was brought in the Eastern District of Texas. The petitioner/defendant's registered agent was served in the Southern District of Texas. Petitioner timely sought dismissal or transfer under 28 U.S.C. § 1406(a), alleging that venue was improper in the Eastern District of Texas or, alternatively, that if venue was properly laid in that district, petitioner sought transfer to the Missouri district under 28 U.S.C. § 1404(a) for the convenience of the parties.

"Venue in an in personam admiralty action has long been established as proper 'wherever a motion can be served upon the libellee ....'" *Davis v. Hill Engineering, Inc.*, 549 F.2d 314, 324 (5th Cir. 1977). The regular venue provisions of 28 U.S.C. §§ 1391–93 are inapplicable in admiralty cases. "Instead, the general admiralty practice prevails, in which venue and personal jurisdiction analyses merge. If the action is *in personam*, venue lies wherever valid service could have been made upon the defendant corporations." *Gipromer v. SS Tempo*, 487 F.Supp. 631, 633 (S.D.N.Y. 1980). *See* J. Lucas, *Cases and Materials on Admiralty* 332 (1978) (the general venue provision with respect to actions in admiralty is coextensive with personal jurisdiction). *See also Societe Commerciale de Transports Transatlantiques v. S. S. "African Mercury,"* 366 F.Supp. 1347 (S.D.N.Y.1973). "Hence, a court sitting in admiralty has personal jurisdiction over any defendant sued in personam whom the court can reach with process." *H & F Barge, Inc. v. Garber Brothers, Inc.*, 65 F.R.D. 399, 404 (E.D.La. 1974). *See Bartlett-Collins Co. v. Surinam Navigation Co.*, 381 F.2d 546 (10th Cir. 1967); *Bailiff v. Storm Drilling Co.*, 356 F.Supp. 309 (E.D.Tex.1972). *See generally* 15 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure: Jurisdiction* § 3817 (1976) [hereafter cited as *Wright &*

*Miller*]; 1 *Moore's Federal Practice* ¶ 0.144[13.–1] (2d ed. 1980).

Therefore, the crux of the issue of proper venue is whether the petitioner/defendant could be properly served in this instance by service on its registered agent in the Southern District of Texas, although the action was brought in the Eastern District. In *H & F Barge*, Judge Rubin held (while a district judge) that after the 1966 unification of the civil and admiralty practice, "the full scope of Rule 4 [Fed.R.Civ.P.] applies to admiralty proceedings in personam and extends the personal jurisdiction of the court to any defendant properly served under that rule." 65 F.R.D. at 404. Therefore, pursuant to Rule 4(f), "[t]he process of the United States District Court for the Eastern District of Louisiana ... runs, in admiralty in personam matters, to the Western District of this state." *Id.* at 405. There are several other district court cases holding that Rule 4 applies to admiralty *in personam* matters; however, the other cases do not deal with the 4(f) situation. *See Gipromer v. SS Tempo, supra; Gavelek v. Coscol Petroleum Corp.*, 491 F.Supp. 188 (E.D.Mich.1979); *Atlantic Lines, Ltd. v. M/V Domburgh*, 473 F.Supp. 700 (S.D.Fla. 1979); *W. G. Bush & Co. v. Sioux City & New Orleans Barge Lines, Inc.*, 474 F.Supp. 537 (M.D.Tenn.1977); *Societe Commerciale de Transports Transatlantiques v. S. S. "African Mercury," supra.*

Therefore, it seems that service could properly be made in the Southern District and that venue was proper in the Eastern District of Texas. This conclusion leaves the petitioner with only an argument that the district court abused its discretion in refusing to transfer the case to Missouri under section 1404(a). The trial court's disposition on the section 1404(a) motion is reviewable only for abuse of discretion. *Lummis v. White*, 629 F.2d 397, 399 n.5 (5th Cir. 1980); *Marbury-Pattillo Construction Co. v. Bayside Warehouse Co.*, 490 F.2d 155, 157–58 (5th Cir. 1974). Although the other general venue statutes are inapplicable in admiralty, section 1404(a) has been held to

apply. *See 15 Wright & Miller* § 3817, at 106.

*Wright and Miller* comment on the availability of a writ of mandamus to correct a trial court ruling on a section 1404(a) motion as follows:

The real battleground is use of the extraordinary writs of mandamus and prohibition. It has been held that the writs can be used if the trial court made an error of law, as by transferring a case to a forum not proper under the statute, or considering an impermissible factor in passing on the motion, or by failing to give a proper hearing to the parties even though the propriety of use of the writs even in these situations is clearer if the trial court has granted a transfer than if it has denied it. There is no agreement on the use of the writs to review the trial court's exercise of its discretion.

*Wright & Miller* § 3855, at 307.

In *Garner v. Wolfinbarger,* 433 F.2d 117, 120 (5th Cir. 1970), we noted that this circuit has recognized the availability of mandamus as a limited means to test the district court's discretion in issuing transfer orders. The cases relied upon by the panel in *Garner* are discussed and cited in the following footnote from a district court opinion in *Blankenship v. Allis-Chalmers Corp.,* 460 F.Supp. 37, 38 n.1 (N.D.Miss. 1978):

In *Ex Parte Charles Pfizer & Co.,* 225 F.2d 720 (5th Cir. 1955), the court enunciated the rule in this circuit on the use of a writ of mandamus to review an order denying or granting a motion to transfer.

It is our opinion that, in the absence of a failure of the District Court to correctly construe and apply [28 U.S.C. § 1404(a)], or to consider the relevant factors incident to ruling upon a motion to transfer, or unless it is necessary to correct a clear abuse of discretion, a Court of Appeals should not entertain motions for Writs of Mandamus to direct District Courts to enter or vacate orders of transfer under § 1404(a).

225 F.2d at 723, *followed in Ex parte Blaski,* 245 F.2d 737, 738 (5th Cir. 1957), *in Ex parte Pharma-Craft Corp.,* 236 F.2d 911, 912 (5th Cir. 1956), *and in In re First National Bank of Montgomery,* 233 F.2d 876 (5th Cir. 1956); *see 15 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure* § 3855 at 314 (1976).

In *Garner* this court noted that "[i]n the voluminous litigation over transfer orders, only a few litigants have surmounted the formidable obstacles and secured the writ [of mandamus]." 433 F.2d at 120. The factors relied upon in the Fifth Circuit cases cited above to determine whether a writ will issue include whether the district court failed to construe and apply the statute correctly, whether the relevant factors incident to a motion to transfer were considered, and whether there was a *clear* abuse of discretion.

As pointed out in *Wright and Miller, supra,* the use of the writ in cases in which a transfer motion has been denied, such as the present case, is somewhat less appropriate than in the instance in which the motion is granted. The trial court denied the motion, noting only that the plaintiff's choice of forum is not disturbed unless the balance of the factors weighs clearly in the defendant/movant's favor. As this court recognized in *Marbury-Pattillo Construction Co. v. Bayside Warehouse Co.,* 490 F.2d 155, 158 (5th Cir. 1974), unless the balance is strongly in favor of the defendant, the Supreme Court has said that the plaintiff's choice of forum is not to be disturbed. *Gulf Oil Co. v. Gilbert,* 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947).

■ Plaintiffs in this case are apparently Texas residents, although not residents of the district in which suit was brought. Defendant does business in Texas (at least it has a registered agent and is authorized to do business in Texas). Considering the convenience of the parties and the witnesses, the balance does not weigh so heavily in favor of the defendant as to justify denying the plaintiff's choice of forum. Certainly, the imbalance is not so great as to say that the trial judge's denial of a transfer was a

clear abuse of discretion. Therefore, IT IS ORDERED that the petition for writ of mandamus is hereby DENIED.