Richard Lynn BARRINEAU, Jr., Edward Robert Bartlett, Jeffrey Colling, Troy Havins, Roger Wayne Lyon, Michael Spivey, Wayne A. Tennyson, Michael J. Rousell, Hollis "Glenn" Roley, and Mitchell "Mickey" E. Keith

v.

SUB SEA INTERNATIONAL, INC., Dresser Industries, Inc., OPI International Vessels, Ltd., J. Ray McDermott, Inc., and Brown & Root, Inc.

No. 1:96–CV–0226.

United States District Court,
E.D. Texas,
Beaumont Division.

Aug. 20, 1996.

Matthew D. Shaffer, Arthur L. Schechter Associates, Houston, TX, for Plaintiff.

Edward Donald Burbach, Jana Hale Woelfel, Griggs & Harrison, Houston, TX, Hubert Oxford III, Benckenstein & Oxford, Beaumont, TX, for Defendant.

### MEMORANDUM OPINION

COBB, District Judge.

Before the court is the defendant's motion to dismiss for improper venue, or in the

alternative, for change of venue. Special venue rules apply to a Jones Act action such as this one. These venue provisions are found within the substantive law itself at 46 U.S.C.App. § 688.

## I. *VENUE IS PROPER*

 Under the Federal Rules of Civil Procedure, an admiralty or maritime suit is not treated as a civil action for purposes of the general venue provisions. *See* Fed. R.Civ.P. 9(h), and Fed.R.Civ.P. 82. Instead, Section 688 of Title 46 controls: "Jurisdiction in such actions shall be under the court of district in which the defendant employer resides or in which his principal office is located." The word jurisdiction here means venue. *Bailiff v. Storm Drilling Co.*, 356 F.Supp. 309 (E.D.Tex.1972).

 The Fifth Circuit in *Davis v. Hill Engineering*, 549 F.2d 314, 323 (5th Cir.1977) delineated precisely how to determine whether a corporation has been sued in a proper venue:

> A corporation may obviously do business in more than one district of a state thereby subjecting itself to suit in more than one district, and the language of the statute makes no distinction among the three types of corporate activity [that is, licensed to do business, doing business, or incorporated]....
>
> We therefore concur with those district courts and commentators that have concluded that venue is proper under Section 1391(c), and consequently the Jones Act, in every district of the state in which a defendant corporation is incorporated.

*Id.* at 323–24.

Also see *Pacas v. Showell Farms, Inc.*, 83 F.3d 415 (4th Cir.1996):

> Section 1391(c) provides that, for venue purposes, a corporation resides 'in any ju-

dicial district in which it is subject to personal jurisdiction at the time the action is commenced,' and that if a state has more than one district, then a corporation resides within any district in which the contacts were sufficient to establish personal jurisdiction if that district were a separate state.[1]

Determining whether a corporation is transacting business in a given district is a practical inquiry using common sense notions, not an exercise of hair-splitting legal technicalities which devolves into "a lawyer's contest." *See Board of County Commissioners of County of Custer v. Wilshire Oil Co. Of Texas*, 523 F.2d 125, 128 (10th Cir.1975); *United States v. Scophony Corp.*, 333 U.S. 795, 808, 68 S.Ct. 855, 862, 92 L.Ed. 1091 (U.S.1948).

It does not violate due process protections for the defendants to be sued in this district, and thus given the nature of this case, venue is proper in the Eastern District of Texas.

## II. *INTERESTS OF JUSTICE DO NOT REQUIRE TRANSFER*

The defendants move to transfer this case to the Southern District of Texas pursuant to 28 U.S.C. § 1404(a). In considering the convenience of the parties and witnesses, and in the interest of justice, this court finds that the defendants have not met their burden of proof that the action is more appropriately heard elsewhere.[2]

Therefore, this court DENIES the defendants' motion to dismiss, and DENIES the defendant's motion to transfer.

---

1. *See International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945) ("certain minimum contacts with [the district] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.") *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416, 104 S.Ct. 1868, 1873, 80 L.Ed.2d 404 (1984) (finding that to exercise general jurisdiction and satisfy the due process clause, a defendant's contacts with the district must be "continuous and systematic").

2. The court has set forth the facts it believes are relevant to a 28 U.S.C. § 1404(a) issue. *Fletcher v. Southern Pacific Transp. Co.*, 648 F.Supp. 1400, 1401 (E.D.Tex.1986) (citations omitted); *see also In re TLC Marine Services*, 900 F.Supp. 54 (E.D.Tex.1995). Of course, in 1987 the Supreme Court reduced the weight courts are to afford the plaintiff's choice of forum. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 253, 102 S.Ct. 252, 263–64, 70 L.Ed.2d 419 (1981).