Larry **DENSON**, Plaintiff,

v.

**UNITED STATES of America and Central Gulf Lines, Inc., Defendants.**

No. Civ.A. G–00–058.

United States District Court,
S.D. Texas,
Galveston Division.

June 5, 2000.

Richard Lee Melancon, Melancon and Hogue, Friendswood, TX, Anthony G Buz-

bee, Melancon & Hogue, Friendswood, TX, for Larry G Denson, plaintiff.

Peter F Frost, Dept of Justice, Civil Division, Washington, DC, for United States of America, defendant.

Robert L Klawetter, Eastham Watson Dale & Forney, Houston, TX, for Central Gulf Lines Inc, defendant.

### ORDER DENYING DEFENDANT'S MOTION TO DISMISS OR TRANSFER

KENT, District Judge.

Plaintiff brings this action against Defendant Central Gulf Lines, Inc. ("CGL") for personal injuries arising under the Jones Act and general maritime law. The injuries allegedly occurred on November 25, 1999 while Plaintiff was working aboard the M/V AUSTRAL RAINBOW, a vessel owned and operated by Defendant CGL. Originally, Plaintiff also asserted claims against the United States pursuant to the Public Vessels Act, 46 U.S.C.App. § 781, *et seq.* (1994), and the Suits in Admiralty Act, 46 U.S.C.App. § 741, *et seq.*, but Plaintiff later voluntarily dismissed all causes of action against the United States. Now before the Court is Defendant's Motion to Dismiss for Improper Venue, or in the Alternative, Motion to Transfer Venue, filed May 18, 2000. For the reasons stated below, both Motions are **DENIED**.

### I. IMPROPER VENUE

Defendant CGL first argues that venue is improper. Noting that the dismissal of claims against the United States extinguishes Plaintiff's basis for venue under either the Public Vessels Act or the Suits in Admiralty Act, Defendant asserts that venue should be determined pursuant to 28 U.S.C. § 1391(b), which provides:

A civil action wherein jurisdiction is not founded solely only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

The Court respectfully disagrees. The Federal Rules of Civil Procedure provide unique venue provisions for cases brought in admiralty under Rule 9(h). *See* FED. R.CIV.P. 82 ("These rules shall not be construed to extend or limit the jurisdiction of the United States district courts or the venue of actions therein. An admiralty or maritime claim within the meaning of Rule 9(h) shall not be treated as a civil action for the purposes of Title 28, U.S.C., §§ 1391–93."); *see also River/Gulf Marine v. Ritchey,* No. CIV.A. 99–0489, 1999 WL 169462, at *1 (E.D.La. Mar.24, 1999) ("Rule 82 of the Federal Rules of Civil Procedure specifically provides that 28 U.S.C. § 1391 does not apply to admiralty actions."). Consequently, with respect to this case, the Court is not bound by the venue restrictions set forth in 28 U.S.C. § 1391(b). *See American Home Assurance Co. v. Glovegold, Ltd.,* 153 F.R.D. 695, 698 (M.D.Fla.1994) ("Contrary to Plaintiff's belief, venue in admiralty cases is not governed by 28 U.S.C. § 1391.").

In admiralty claims, courts have long interpreted Rule 82 to mean that venue lies wherever a district court has personal jurisdiction over the defendant. *See, e.g., In re McDonnell–Douglas Corp.,* 647 F.2d 515, 516 (5th Cir.1981) ("[T]he general admiralty practice prevails, in which venue and personal jurisdiction analyses merge. If the action is in personam, venue lies wherever valid service could have been made . . . ."); *see also H & F Barge Co. v. Garber Bros., Inc.,* 65 F.R.D. 399, 405 (E.D.La.1974) ("[I]t is clear that the venue of an in personam action in admiralty lies wherever the court has jur-

isdiction of the parties."). Defendant does not challenge personal jurisdiction in this Motion, and in accordance with Rule 12(h) of the Federal Rules of Civil Procedure, if a defendant fails to object to personal jurisdiction in a Rule 12 motion, that party waives any objections thereto. Hence, because admiralty venue rules state that venue is proper if personal jurisdiction is established and because Defendant waives any personal jurisdiction claims he may have had, venue is proper in this Court. Accordingly, Defendant's Motion to Dismiss for Improper Venue is **DENIED.**

## II. DISCRETIONARY TRANSFER OF VENUE

█ Next, Defendant seeks a transfer to the Eastern District of Louisiana based on 28 U.S.C. § 1404(a), which provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Under this statute, the party seeking the transfer of venue bears the burden of demonstrating that the Court should, in its sound discretion, transfer the action. *See Peteet v. Dow Chemical Co.,* 868 F.2d 1428, 1436 (5th Cir.1989) (noting that the decision to transfer a case rests exclusively within the sound discretion of the district court); *Time, Inc. v. Manning,* 366 F.2d 690, 698 (5th Cir.1966) (stating that the movant bears the burden of showing that the action should be transferred).

█ When considering whether a transfer is warranted, the Court must consider the following factors: the availability and convenience of witnesses and parties; the location of counsel; the location of books and records; the cost of obtaining attendance of witnesses and other trial expenses; the place of the alleged wrong; the possibility of delay and prejudice if transfer is granted; and the plaintiff's choice of forum. *See, .e.g., Henderson v. AT & T Corp.,* 918 F.Supp. 1059, 1065 (S.D.Tex. 1996); *Dupre v. Spanier Marine Corp.,*

810 F.Supp. 823, 825 (S.D.Tex.1993); *Hogan v. Malone Lumber, Inc.,* 800 F.Supp. 1441, 1443 (E.D.Tex.1992); *United Sonics, Inc. v. Shock,* 661 F.Supp. 681, 682–83 (W.D.Tex.1986). Generally, a plaintiff's choice of forum is entitled to great deference. *See Continental Airlines, Inc. v. American Airlines, Inc.,* 805 F.Supp. 1392, 1395–96 (discussing the importance of the plaintiff's choice of forum in light of the policies underlying § 1404(a)); *United Sonics,* 661 F.Supp. at 683 (stating that the plaintiff's choice of forum is "most influential and should rarely be disturbed unless the balance is strongly in defendant's favor").

Defendant maintains that this case should be transferred to the Eastern District of Louisiana because: (1) the injury occurred near New Orleans, Louisiana; (2) Plaintiff does not reside in Texas; (3) Defendant's maintenance and cure officers reside in Louisiana; and (4) several of Plaintiff's treating physicians reside in Louisiana.

Plaintiff argues in response that: (1) Defendant conducts business in the Southern District of Texas; (2) all of the Defendant's key eyewitnesses reside in Connecticut, Massachusetts, and New York— therefore retaining the case in the Galveston forum would cause no greater inconvenience with respect to them than if the Court transferred the case to New Orleans; (3) aside from two physicians (one of whom resides in Florida), all of the remaining individuals identified by Defendant as key witnesses are employed by Defendant and thus can be easily compelled to testify at trial; (4) key witnesses for Plaintiff, including a treating physician and a damages expert, reside in the Southern District of Texas; (5) both parties have retained counsel that office within the Southern District of Texas; and (6) Defendant has not made the requisite showing of inconvenience and unfairness necessary to overcome the deference traditionally accorded a plaintiff's choice of forum.

## A. Availability and Convenience of Witnesses and Parties

■ The Court has previously stated that the convenience of key witnesses ranks as the most important of all factors in a motion to transfer venue. *See Continental Airlines*, 805 F.Supp. at 1396. The key witnesses for Defendant who will likely testify to the facts surrounding the accident do not live in Louisiana. Instead, they reside far away from "The Sportsman's Paradise" in Connecticut (Mr. William C. Mack), Massachusetts (Mr. Joseph C. Mello), and New York (Mr. Keith Hermann). Moreover, Defendant's treating physician and damages expert both reside in the Southern District, and Plaintiff lives in Florida. Defendant has therefore failed to demonstrate how bringing a majority of the key witnesses, who hail from Connecticut, Florida, Massachusetts, New York, and Texas, to the Eastern District of Louisiana is more convenient than bringing them here to Galveston. As to these witnesses, Galveston is clearly as convenient a venue as Louisiana.

And while Defendant stresses the number of witnesses located in Louisiana, the Court reiterates that the convenience of key witnesses who are employees of Defendant is "entitled to less weight because that party will be able to compel their testimony at trial." *Id.* at 1397; *see Dupre*, 810 F.Supp. at 825.[1] This applies to those individuals associated with maintenance and cure claims—all of whom serve in Defendant's offices in Louisiana. And, to the extent that *any* of Defendant's witnesses are inconvenienced, the Court reminds Defendant that it "vigorously exercises its authority under Fed.R.Evid. 403 and 611(a) to ensure that each witness' testimony is as concise as possible and that cumulative and redundant testimony is

kept to a minimum[,]" thereby restricting the time that the witnesses are absent from their jobs to an "absolute minimum." *Continental Airlines*, 805 F.Supp. at 1397.

Finally, as to Defendant's assertion that Plaintiff received treatment from medical personnel in Louisiana and Florida, the Court notes that Plaintiff's primary treating physician resides in the Southern District of Texas and that virtually all of these doctors will likely appear by record or deposition—thus proceeding with the case in Galveston outweighs the potential inconvenience of transferring the case to Louisiana. Combined, Plaintiff's treating physician and damages expert rank as among the most important witnesses in this case, and, in the Court's estimation, would face much greater inconvenience traveling to Louisiana than Defendant's witnesses would likely experience if the case were litigated in Galveston. Hence, practical considerations dictate retention of this case in Galveston, for it certainly would be more burdensome to require Plaintiff—who is presently undergoing medical treatment to recover from his injuries—to incur transportation expenses and other costs associated with shuttling his witnesses and attorneys to a Louisiana courtroom than it would be for the Defendant corporation (which does conduct business in Texas) to proceed with trial in Galveston. *See* 15 CHARLES ALAN WRIGHT, ARTHUR R. MILLER, EDWARD H. COOPER, FEDERAL PRACTICE & PROCEDURE § 3849, at 408 (noting that in weighing the 1404(a) factors, a court may consider the relative financial strength of the parties).

After evaluating the materiality of the anticipated testimony of all witnesses listed by the parties, the Court therefore finds that, on balance, Galveston is a more convenient venue than Louisiana.

---

1. The Court also notes that the materiality of their testimony is not as critical to determining the factual underpinnings of this case as is the testimony of other key witnesses, such as Plaintiff, Plaintiff's treating physician, and Plaintiff's damages expert. *See, e.g., Catalano v. BRI, Inc.*, 724 F.Supp. 1580, 1584 (E.D.Mich.1989) (recognizing that the witnesses listed by the defendant would offer relevant testimony, but rejecting 1404(a) transfer because such testimony would be no more material than the testimony of plaintiff and plaintiff's treating physician).

### B. *Location of Counsel*

Counsel for all parties office in the Southern District of Texas. Although Defendant recognizes that this factor is not of primary importance, the Court nevertheless does "give some weight to location of counsel if Plaintiff chooses local counsel to bring the suit." *Dupre*, 810 F.Supp. at 826. Thus, Defendant's counsel cannot persuasively claim he will be inconvenienced before this Court. Indeed, counsel for both parties are well respected and the Court always enjoys their practice here. This factor militates against transfer and supports trial of this case in Galveston.

### C. *Location of Parties*

When determining the relative conveniences of transfer, the Court also considers the residences of the parties in the action. None of the parties to this action reside in the Southern District of Texas. While Defendant's home offices are in Louisiana, they do conduct business in the Southern District of Texas. Defendant does not deny that its ships makes scheduled stops in Texas. Because Defendant voluntarily conducts business in Texas and receives benefits arising from such commerce, it cannot persuasively claim that it will be inconvenienced by having to litigate in this Court. Further, the citizens of this Division have a clear interest in safety aboard vessels plying contiguous waters.

### D. *Location of Books and Records*

Defendant does not contend that the location of books and records is of paramount importance in this case. The Court agrees. *See Dupre*, 810 F.Supp. at 826–27 (noting that a personal injury action is typically not the type of action in which the location of books and records is extremely necessary, and stating that "the liability question is usually proven through eye witnesses rather than documents and the damages issue ... [and] usually does not involve enough documents as to be an overwhelming factor"). Although Defendant argues that this case should be transferred because virtually all of Plaintiff's medical and personnel records are located in Louisiana, the Court finds little inconvenience inherent in bringing, if necessary, those records to Galveston. *See Continental Airlines*, 805 F.Supp. at 1397 (observing that in a personal injury case "it is unlikely at all ... [that] relevant documents will be needed for trial and ... [could] be produced and examined anywhere for discovery purposes"). Furthermore, Plaintiff was injured less than six months ago. The Court finds dubious any contention that the amount of records needing to be transferred to Galveston for the trial of this case is prohibitive, especially because Plaintiff's principal treating physician is located in the Southern District of Texas. Therefore, the Court places little weight in this factor as applied to the present facts.

### E. *Location of the Alleged Wrong*

Defendant presses that Plaintiff was injured off the coast of Louisiana, within the Eastern District of Louisiana. This factor supports transfer. However, although the place of the alleged wrong is an important factor to consider when deciding whether to transfer venue, it is not the sole factor. *See Dupre*, 810 F.Supp. at 824. Given Defendant's contacts with the Southern District of Texas, the key witnesses residing near Galveston, and the Plaintiff's choice of forum here, the Court finds that the residents of the Southern District of Texas have more than a passing interest in the outcome of this litigation and the safety of operations aboard Defendant's ships that employ residents from the area.

### F. *Possibility of Delay and Plaintiff's Choice of Forum*

■ Plaintiff's choice to litigate this case in the Galveston Division of the Southern District of Texas is entitled to great deference. *See United Sonics*, 661 F.Supp. at 683 (stating that the plaintiff's choice of forum is "most influential and

should rarely be disturbed unless the balance is strongly in defendant's favor"). Furthermore, "[t]he possibility of delay or prejudice if the case is transferred will always play a large role in this Court's analysis." *Dupre,* 810 F.Supp. at 828. Plaintiff validly asserts that a transfer of venue out of the Galveston venue may well result in the Plaintiff's losing the benefit of this Court's expeditious and cost-efficient manner of handling cases, including this Court's shorter trial track, which is well below the average of other courts in the area. *See United Sonics,* 661 F.Supp. at 683; *Dupre,* 810 F.Supp. at 828 (espousing that a prompt trial "is not without relevance to the convenience of parties and witnesses and the interest of justice"). While Defendant cites statistics indicating that the Southern District of Texas ranks as one of the busiest federal judicial districts in terms of case filings, Defendant overlooks that fact that in 1999 this Court's closing rate exceeded a whopping 730 cases. Rest assured, the Galveston forum moves as quickly as any court in the country. Concerns over judicial expediency do not support transfer.

Although Defendant has the burden to demonstrate that transfer is proper, it has failed to adequately establish any valid basis that warrants subjecting this case to the delays inherent in any transfer to any District. *See Sanders v. State Street Bank and Trust Co.,* 813 F.Supp. 529, 536 (S.D.Tex.1993).

### III. CONCLUSION

Because venue is proper under both Rule 82 of the Federal Rules of Procedure and companion case law, Defendant's Motion to Dismiss for Improper Venue is **DENIED.** And, after careful consideration of all the specific facts and relevant factors in this case, the Court concludes that Defendant has offered no compelling reasons for transfer to the Eastern District of Louisiana and has therefore failed to carry their burden of demonstrating that a transfer is necessary to serve the interests of justice. In light of the fact that several key witnesses reside in the Southern District of Texas, and that no individuals who eye-witnessed the accident reside in Louisiana, this forum appears to be as reasonable a choice as any for litigation of this case. Thus, the Court declines to disturb the forum chosen by Plaintiff and to introduce the likelihood of delay inherent in any transfer simply to avoid the insignificant inconvenience that Defendant may suffer by litigating this matter in Galveston rather than in Louisiana. Accordingly, Defendant's Motion to Transfer is **DENIED.**

**IT IS SO ORDERED.**