**Fred T. RICHOUX, Jr**

v.

**R & G SHRIMP CO. et al.**

**No. CIV. A. G–00–299.**

United States District Court,
S.D. Texas,
Galveston Division.

Dec. 22, 2000.

---

Ronald L. White, White Mackillop et al., Houston, TX, for Ron White.

Francis I Spagnoletti, Spagnoletti & Assoc, Houston, TX, for Fred T Richoux, Jr.

Bruce Clifford Gaible, Hays McConn Rice & Pickering, Houston, TX, for R & G Shrimp Co., R & G Shrimp Farm, Ronald A Benner.

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS FOR IMPROPER VENUE AND MOTION TO TRANSFER VENUE

KENT, District Judge.

Plaintiff was injured off the coast of Galveston while working as a deck hand on the M/V Gloria Katherine II, owned and operated by Defendants. Plaintiff brings claims in admiralty under the Jones Act. Now before the Court are Defendants' Motion to Dismiss for Improper Venue and Motion to Transfer Venue. For the reasons stated below, both Motions are **DENIED.**

## I. Analysis

### A. Motion to Dismiss for Improper Venue

█ Defendants agree that venue is proper in the Southern District of Texas, but argue that venue lies only in the Victoria Division, not the Galveston Division. Defendants are incorrect in assuming that venue in admiralty is tied to districts, much less divisions within districts.

█ The venue rules that govern ordinary civil actions, 28 U.S.C. § 1391, do not apply to cases in admiralty. *See* Fed R. Civ. P. 82. Instead, the Court must look to the rules of venue particular to admiralty. *See* 12 Charles Alan Wright, Arthur R. Miller and Edward H. Cooper, *Federal Practice and Procedure* § 3817 (1986).[1] As this Court has recently said, the proper interpretation of Rule 82 is that for claims in admiralty, venue lies wherever a district court has jurisdiction over the defendant. *See Denson v. United States,* 99 F.Supp.2d 792, 793 (S.D.Tex.2000); *see also In re McDonnell–Douglas Corp.,* 647 F.2d 515, 516 (5th Cir.1981) ("[T]he general admiralty practice prevails, in which venue and personal jurisdiction analyses merge.").

█ Defendants argue, however, that venue in this case is limited to the precise division in which Plaintiff's employer resides, citing a decision of this Court. *See Hunt v. Paco Tankers, Inc.,* 226 F.Supp. 279, 284 (S.D.Tex.1964) (Noel, J.). The decision in *Paco Tankers,* however, was criticized by the Fifth Circuit in *S.S. Bethflor v. Thomas* for limiting venue to divisions. *See S.S. Bethflor v. Thomas,* 364 F.2d 634, 635 n. 5 (5th Cir.1966) (Brown, J.); *see also* Charles Alan Wright et al.,

*supra,* § 3809. In addition, the *Paco Tankers* decision drew inspiration from the now repealed 28 U.S.C. § 1393(a), which at the time geared venue to divisions within districts. *See Paco Tankers,* 226 F.Supp. at 284 n. 14. Section 1393(a) was subsequently repealed, thus eradicating the idea of divisional venue in civil cases. *See* Charles Alan Wright, Arthur R. Miller and Edward H. Cooper, *supra,* § 3809 (Supp. 2000). In any event, venue in admiralty lies in any district where the Court has personal jurisdiction; venue in admiralty is broader than districts, not narrower. *See Denson v. United States,* 99 F.Supp.2d at 793; *see also In re McDonnell–Douglas Corp.,* 647 F.2d at 516. The Court respectfully submits that the rule in *Paco Tankers* is no longer the law, and may never have been. *See S.S. Bethflor,* 364 F.2d at 635 n. 5; *Barrineau,* 940 F.Supp. at 154; *Bailiff,* 356 F.Supp. at 311 ("Although the analogy is appealing, the restrictive notions of venue articulated in the [*Paco Tankers* ] opinion are not."); *Paco Tankers,* 226 F.Supp. at 282 (limiting its own holding to the precise facts of the case).

Defendant does not challenge personal jurisdiction in this Motion, and in accordance with Rule 12(h) of the Federal Rules of Civil Procedure, if a defendant fails to object to personal jurisdiction in a Rule 12 motion, that party waives any objections thereto. Moreover, it is abundantly clear that the Court has personal jurisdiction over Defendants, who reside in Texas. Thus, because admiralty venue is proper where personal jurisdiction is proper, venue is proper in this case. Accordingly, Defendant's Motion to Dismiss for Improper Venue is **DENIED**.

---

**1.** Under the Jones Act, venue is proper "in the **district** in which the defendant employer resides or in which his principal office is located." 46 U.S.C.App. § 688 (emphasis added); *see also Barrineau v. Sub Sea Int'l, Inc.,* 940 F.Supp. 153, 154 (E.D.Tex.1996); *Bailiff v. Storm Drilling Co.,* 356 F.Supp. 309, 311 (E.D.Tex.1972) (noting that "jurisdiction" as used in the Jones Act provision means "ven-

ue"). Because Defendant's employer in this case resides in the Southern District of Texas, venue is proper in both Galveston and Victoria under the Jones Act. The venue provisions of the Jones Act, however, do not apply to cases brought on the admiralty side of federal court. *See e.g., Trehern v. OMI Corp.,* 1999 WL 47303, * 4 n. 2 (S.D.N.Y. February 1, 1999).

### B. *Motion to Transfer Venue*

■ Defendants, in the alternative, seek a transfer to the United States District Court for the Southern District of Texas, Victoria Division based on 28 U.S.C. § 1404(a). Section 1404(a) provides that: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Defendant bears the burden of demonstrating to the Court that it should transfer the case. *See Peteet v. Dow Chemical Co.*, 868 F.2d 1428, 1436 (5th Cir.1989) (requiring the defendant to make a showing that the forum sought is more convenient); *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir.1966) ("At the very least, the plaintiff's privilege of choosing venue places the burden on the defendant to demonstrate why the forum should be changed.").

■ Of course, whether to transfer the case rests within the sound discretion of the Court, and its determination is reviewed under an abuse of discretion standard. *See Peteet*, 868 F.2d at 1436 ("A motion to transfer venue is addressed to the discretion of the trial court and will not be reversed on appeal absent an abuse of discretion."); *Jarvis Christian Coll. v. Exxon Corp.*, 845 F.2d 523, 528 (5th Cir. 1988) ("Decisions to effect a 1404 transfer are committed to the sound discretion of the transferring judge, and review of a transfer is limited to abuse of that discretion." (citation omitted)); *Marbury–Pattillo Const. Co. v. Bayside Warehouse Co.*, 490 F.2d 155, 158 (5th Cir.1974) (declaring that whether to transfer venue is within the discretion of the trial court and will not be reversed on appeal absent an abuse of discretion).

■ The Court weighs the following factors when deciding whether a venue transfer is warranted: the availability and convenience of witnesses and parties, the location of counsel, the location of perti-nent books and records, the cost of obtaining attendance of witnesses and other trial expenses, the place of the alleged wrong, the possibility of delay and prejudice if transfer is granted, and the plaintiff's choice of forum, which is generally entitled to great deference. *See, e.g., Henderson v. AT & T Corp.*, 918 F.Supp. 1059, 1065 (S.D.Tex.1996) (Kent, J.); *Dupre v. Spanier Marine Corp.*, 810 F.Supp. 823, 825 (S.D.Tex.1993) (Kent, J.); *Continental Airlines, Inc. v. American Airlines, Inc.*, 805 F.Supp. 1392, 1395–96 (S.D.Tex.1992) (Kent, J.) (discussing the importance of the plaintiff's choice of forum in light of the policies underlying § 1404(a)).

#### 1) *Availability and Convenience of the Witnesses and Parties*

■ Of the six factors weighed by the Court, this factor is probably the most important. *See Gundle Lining Constr. Corp. v. Fireman's Fund Ins. Co.*, 844 F.Supp. 1163, 1166 (S.D.Tex.1994); *Continental Airlines*, 805 F.Supp. at 1396.

#### A. Witnesses

Defendants' original Motion lists no potential testifying witnesses. In their Reply to Plaintiff's Response, however, Defendants list various witnesses purportedly residing near Victoria. These potential witnesses include the owner of the vessel on which the accident occurred and two deckhands who live in Palacios, Texas, which Defendants note is closer to Victoria than Galveston. Two other potential witnesses, including the captain of the vessel and a deckhand, live in Alabama. As to the Alabama witnesses, Galveston is equally convenient, if not more convenient, than Victoria given the major airports located in Houston, a city much closer to Galveston than Victoria. Furthermore, for the witnesses who reside in Victoria, though they are no longer employees of Defendant, to the extent that they still work in the service of ships which operate in Texas waters, trial for them may be more convenient in Galveston than Victoria. *See*

*Puerto v. Marine Transp. Lines, Inc.,* 976 F.Supp. 1072, 1074 (S.D.Tex.1997). Finally Plaintiff identifies two expert witnesses, including the Plaintiff's treating physician and an economic expert, for whom Galveston is more convenient. On balance, the Court concludes that this factor does not favor transfer.

### B. Parties

When determining the relative conveniences of transfer, the Court also considers the residence of the parties in the case. In this case, Plaintiff has chosen to file suit in Galveston, and Defendants, although located in Victoria, Texas obviously do much business in Galveston. The Court concludes that the convenience of the witnesses and parties does not support transfer.

### 2) Location of Counsel

Although this factor is entitled to the least consideration, the Court notes that it does "give some weight to location of counsel if Plaintiff chooses local counsel to bring the suit." *Dupre,* 810 F.Supp. at 826 (recognizing that the vast majority of cases hold that location of counsel is entitled to little or no consideration). Both Plaintiff and Defendants have retained attorneys who reside and practice in the Southern District of Texas. Plaintiff has retained counsel located in Friendswood and Houston, Texas which is much closer to Galveston than Victoria. Defendant's counsel is located in Houston. This weighs slightly against transfer.

### 3) Location of Books and Records

In a personal injury action, the Court gives this factor less weight in its deliberations. *See id.* at 826–27 (noting that a personal injury action is typically not the type of action where the location of books and records is of paramount importance, and stating "the liability question is usually proven through eye witnesses rather than documents and the damages issue ... usually does not involve enough documents as to be an overwhelming factor");

*Continental Airlines,* 805 F.Supp. at 1397 (observing in a personal injury case that "it is unlikely that all ... relevant documents will be needed for trial and ... [could] be produced and examined anywhere for discovery purposes."). Thus, since this is a personal injury action, the presence of documents in Victoria does not weigh heavily in favor of transfer. Furthermore, not all of the documents will be needed for trial, and "documents can be produced and examined anywhere for discovery purposes." *Continental Airlines,* 805 F.Supp. at 1397. Finally, the fact that the vessel may be located in Victoria is of no consequence. First, if the vessel is still operational, then it is likely to travel past Galveston often. Second, the vessel can be examined anywhere. It will obviously not need to be brought to Court.

### 4) Trial Expenses

It is rare that the forum in which the case is litigated is the most convenient or the least costly for all parties involved. Although the burden rests with Defendants, they proffer no specific information regarding the expenses and costs associated with the trial of this case in Galveston *vis-a-vis* Victoria. The court therefore concludes that this factor does not support a transfer.

### 5) Place of the Alleged Wrong

The Court generally considers the place of the alleged wrong to be a very important factor in venue determination. *See Henderson,* 918 F.Supp. at 1067 (observing that suits by nonresidents can work to delay the trials of resident plaintiffs). However, "this factor, like the other factors, is only part of the equation." *Dupre,* 810 F.Supp. at 827. In this case, Plaintiff was allegedly injured off the coast of Galveston. This factor strongly militates against transfer.

### 6) Possibility of Delay and Plaintiff's Choice of Forum

A plaintiff's choice to litigate his case in the Galveston Division of the

Southern District is normally given great deference. *See Peteet,* 868 F.2d at 1436; *Carlile v. Continental Airlines, Inc.,* 953 F.Supp. 169, 171 (S.D.Tex.1997) (Kent, J.); *see also United Sonics, Inc. v. Shock,* 661 F.Supp. 681, 683 (W.D.Tex.1986) (asserting that plaintiff's choice of forum is "most influential and should rarely be disturbed unless the balance is strongly in defendant's favor"). Of course, close scrutiny is given to Plaintiff's choice of forum when the Plaintiff does not live in the Southern District. *See, e.g., Dupre,* 810 F.Supp. at 828 (explaining that while it is the "Court's consistent practice to honor a plaintiff's choice of forum where factually justified" the Court is also "loathe to respect those choices that appear to be blatant attempts at forum shopping with little or no factual justification."). Although Plaintiff did not live within the Galveston Division at the time of his alleged injury, he was injured in waters near Galveston. Consequently, it does not appear to the Court that Plaintiff is engaged in blatant forum shopping.

A transfer of venue to the Victoria also may well result in Plaintiff losing the benefit of this Court's expeditious and cost-efficient manner of handling cases, including this Court's shorter trial track, which is well below the average of other courts in the area. *See id.* at 827 (noting that a prompt trial "is not without relevance to the convenience of parties and witnesses and the interest of justice"). The Court has much experience with these types of cases, handling literally hundreds of such cases in an expeditious manner in the past. The fact that Plaintiff will suffer no delays in having his claim adjudicated in this forum militates against a transfer to Victoria.

## II. CONCLUSION

The Court concludes that venue is proper is the Galveston Division. Thus, Defendant's Motion to Dismiss for Improper Venue is **DENIED.** In addition, after careful consideration of the relevant factors in light of the facts in this case, the Court concludes that Defendants have failed to carry their burden of demonstrating that a transfer is necessary to serve the interests of justice or the convenience of the witnesses and parties. Thus the Court declines to disturb the forum chosen by Plaintiff and introduce the likelihood of delay inherent in any transfer simply to avoid the insignificant inconvenience that Defendants may suffer by litigating this matter in Galveston rather than Victoria. The Court realizes that Plaintiff is not a resident of the Galveston District, but for whatever reason, he has chosen to file his suit here and the Court finds, given the totality of the circumstances, including the fact that the accident occurred off the coast of Galveston, no factors outweigh this choice. Thus Defendants' Motion to Transfer Venue is hereby **DENIED.**

**IT IS SO ORDERED.**